[This opinion has been published in *Ohio Official Reports* at 94 Ohio St.3d 1238.]

IN RE DISQUALIFICATION OF SAFFOLD.

STAR BANK, N.A. *v*. SUMMER ET AL.

[Cite as *In re Disqualification of Saffold*, 2001-Ohio-4103.]

*Judges—Affidavit of disqualification—Judge's communications with court of appeals while case in which she presided is pending on appeal are not evidence of bias or prejudice, when.*

(No. 01-AP-091—Decided November 29, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Common Pleas Court case No. 340341.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by George R. Hicks, Jr., counsel for plaintiff, seeking the disqualification of Judge Shirley Strickland Saffold from further proceedings in the above-captioned case, *Star Bank, N.A. v. William L. Summer et al.*

{¶ 2} The record reflects that while this action was pending on appeal before the Eighth District Court of Appeals, the parties participated in a prehearing conference that was conducted by the appellate court's conference attorney. During the prehearing conference, the conference attorney allegedly commented on the appellate court's propensity for reversing Judge Saffold's rulings. Affiant contends that this comment was conveyed to Judge Saffold by the defendants or their counsel. Affiant further contends that Judge Saffold subsequently sent two letters to the judges of the Eighth District Court of Appeals in which she expressed concern regarding the propriety of the conference attorney's comment. Affiant contends that by communicating ex parte with the defendants or their counsel and by contacting the appellate judges during the pendency of the appeal, Judge Saffold

has created the appearance of impropriety that mandates her disqualification from further proceedings in this case.

{¶ 3} Judge Saffold states that she learned of the conference attorney's comments from her bailiff and denies engaging in ex parte communications with the defendants or their counsel. She does not deny contacting the court of appeals after learning of the comments but maintains that she limited her communication to an expression of concern over the propriety of the comments and the impact that the conference attorney's comments would have on the integrity of the trial court.

{¶ 4} In affidavit of disqualification proceedings, the question regarding alleged ex parte communications is not whether the communication violates the Code of Judicial Conduct but whether the communications demonstrate bias or prejudice on the part of the judge. To satisfy this test, the communications must have been initiated by the judge or address substantive matters in this case. See *In re Disqualification of Reid* (Nov. 30, 1995), No. 95-AP-156, unreported, and compare *In re Disqualification of Aurelius* (1996), 77 Ohio St.3d 1254, 674 N.E.2d 362, with *In re Disqualification of Williams* (1993), 74 Ohio St.3d 1248, 657 N.E.2d 1352. Moreover, the allegations must be substantiated and consist of something more than hearsay. *In re Disqualification of Cacioppo* (1996), 77 Ohio St.3d 1245, 674 N.E.2d 356.

{¶ 5} The record before me does not support a finding that the alleged communication satisfies any of these tests. There is no evidence that Judge Saffold either directly received or initiated the alleged communication. Most important, affiant fails to establish that the alleged communication related to the substance of the underlying case.

{¶ 6} More troubling is Judge Saffold's written communications with the court of appeals while the underlying case was pending before that court. Normally, a trial judge should refrain from communicating with an appellate court about a case that is pending in that court. However, it is not alleged that the

communications at issue here addressed the substance of the pending case. Rather, the parties agree that the communications reflected Judge Saffold's concern over the comments allegedly made by the conference attorney and the impact those comments would have on the integrity of the trial court. Although the better practice would have been to defer these communications until after the court of appeals completed its review of this case, I cannot conclude that the limited nature of Judge Saffold's communication creates an appearance of impropriety that mandates her disqualification from this matter.

{¶ 7} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Saffold.

_____