DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Brenda King and Timothy Stacey, appeal the Adams County Common Pleas Court's decision granting summary judgment to appellee, R. Joyce King. Because the court's judgment does not dispose of all the claims and does not contain the required Civ.R. 54(B) language, it is not a final appealable order. Thus, we are without jurisdiction to reach the merits of this appeal.
 {¶ 2} This appeal is the fifth installment in the King divorce drama. For a detailed discussion of the earlier proceedings see our discussion in King v. King, Adams App. No. 01CA719, 2002-Ohio-1060 (KingIV). Following is an abbreviated discussion of those facts necessary to an understanding of the present appeal.
 {¶ 3} Appellant, Brenda King, married William King in 1988. In September 1996, Mr. King filed for divorce. Appellant denied the allegations in Mr. King's divorce complaint but counterclaimed for divorce. Ultimately, the court granted the parties a divorce and divided the parties' property. The present appeal, as do the previous appeals, centers on the court's ruling concerning a farm located in Adams and Highland counties. Although the farm had been purchased during the marriage, it was recorded in appellant's name only. The court awarded the farm to appellant, but ordered appellant to pay Mr. King $47,250 to compensate him for equity that built up during the marriage. The court also ordered appellant to execute a mortgage to secure the debt.
 {¶ 4} Despite the court's order, appellant consistently refused to execute a mortgage to secure the debt. In the end, the court prepared an entry to be filed with the Adams and Highland County Recorder's offices that granted appellee[1] a mortgage interest in the property in the amount of $47,250 plus interest.
 {¶ 5} In July 2001, appellant filed a motion for relief from the trial court's earlier judgments. She argued that one of the trial court's earlier judgments was not final because it did not properly adopt the magistrate's decision. She also argued that the court lacked subject matter jurisdiction over the divorce because Mr. King was not a resident of Ohio at the time he filed his complaint. Finally, she argued that the divorce action "abated" upon the death of Mr. King. The trial court overruled appellant's motion for relief from the judgments and she appealed. In King v. King, Adams App. No. 01CA719, 2002-Ohio-1060 (KingIV), we found that appellant's arguments had no merit and affirmed the trial court's decision.
 {¶ 6} With that background, we now explore the facts that gave rise to the present appeal.
 {¶ 7} Initially, we acknowledge two significant events that occurred during the pendency of the earlier proceedings. First, appellant married Timothy Stacey. Although the date of their marriage is unclear, the record indicates it occurred prior to March 2000. Second, appellant conveyed a portion of the farm to Carol Cussins in March 2000. One month later, Ms. Cussins executed a mortgage in favor of PNC Mortgage Corporation of America.
 {¶ 8} In July 2001, appellee filed a complaint in foreclosure against appellant and Ms. Cussins based on appellant's alleged failure to satisfy the mortgage created by the court's prior order. She later amended the complaint to name PNC as a defendant.[2] One month after appellee filed her complaint, appellant filed an answer asserting, among other defenses, the trial court's lack of subject matter jurisdiction over the divorce. Ms. Cussins also filed an answer and cross-claim against appellant.
 {¶ 9} In February 2002, appellee filed a motion for summary judgment. One month later, appellant filed a memorandum in opposition that contained arguments identical to those in her motion for relief from judgment, i.e., the court's order regarding the property classification and valuation was not final, the court lacked jurisdiction over the divorce, the divorce action "abated" upon the death of Mr. King. Two days before appellant filed her memorandum in opposition, this court issued its decision in King IV, which found no merit in appellant's arguments. Thus, the trial court granted summary judgment in favor of appellee. However, the court reserved ruling on Ms. Cussins' cross-claim and the rights of PNC.
 {¶ 10} Three months after the court granted appellee summary judgment, appellee moved to amend her complaint to add appellant's husband, Timothy Stacey, as a defendant due to his dower interest. Mr. Stacey filed an answer claiming that the mortgage was invalid because the court lacked jurisdiction over the divorce. In August 2002, appellee filed a motion for summary judgment against Mr. Stacey. Three months later, the court granted appellee's motion. The court's entry provided that an order of sale was to be issued if appellants did not pay appellee $47,250 plus interest within thirty days. The court's entry also retained jurisdiction over the property conveyed by appellant to Ms. Cussins in case the proceeds from the sale of appellant's property failed to satisfy appellee's judgment. Appellants appeal from the court's summary judgment decision and raise the following assignments of error: "ASSIGNMENT OFERROR NO. 1 — The trial court erred by determining that appellants were barred by the doctrine of res judicata from raising their defense of lack of subject matter jurisdiction and granting summary judgment on this basis. ASSIGNMENT OF ERROR NO. 2 — The trial court erred by failing to compel appellee to attend her deposition. ASSIGNMENT OF ERROR NO. 3
— The trial court erred by failing to grant Mr. Stacey additional time to respond to appellee's motion for summary judgment. ASSIGNMENT OFERROR NO. 4 — The trial court erred by failing to conduct an independent review of the record and entertaining impermissible ex parte arguments in support of appellee's motion for summary judgment."
 {¶ 11} Initially, we must determine whether we are confronted with a final appealable order. It is well established that an order must be final before it can be reviewed by an appellate court. See, Section3(B)(2), Article IV, Ohio Constitution; General Acc. Ins. Co. v.Insurance Co. of N. Am. (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266;Morrison v. Dept. of Ins., Gallia App. No. 01CA13, 2002-Ohio-5986. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Davison v.Rini (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278; Richards v.Simmons, Highland App. No. 01CA5, 2002-Ohio-1829.
 {¶ 12} Generally, a judgment and order of sale is the final appealable order in a foreclosure action. Third Nat. Bank of Circlevillev. Speakman (1985), 18 Ohio St.3d 119, 120, 480 N.E.2d 411; Oberlin Sav.Bank Co. v. Fairchild (1963), 175 Ohio St. 311, 312, 194 N.E.2d 580. However, when a court enters an order as to fewer than all the claims or parties in an action without making an express determination that there is no just reason for delay, the order is not final and appealable. Civ.R. 54(B); Noble v. Colwell (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381;Jarett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78,486 N.E.2d 99. The use of this language is a mandatory requirement, for without the "no just reason for delay" language, the order remains subject to revision. Civ.R. 54(B); Whittington v. Kudlapur, Hocking App. No. 01CA1, 2001-Ohio-2525.
 {¶ 13} Although the trial court's November 2002 entry resolves appellee's claims against appellants, it fails to resolve Ms. Cussins' cross-claim against appellants. In addition, it fails to determine the amount of money due to PNC on its subrogation claim. Therefore, in order to constitute a final appealable order, the entry would have to contain an express determination that there is "no just reason for delay." A review of the court's November 2002 entry indicates that such a determination is lacking. Thus, the court's entry does not constitute a final appealable order and we are without jurisdiction to reach the merits of this appeal. See Monroe v. Jewell (May 17, 1988), Scioto App. No. 1684 (an entry ordering a foreclosure sale and setting lien priorities is not a final appealable order when it fails to enter judgment on a third party complaint and lacks an express determination that there is no just reason for delay.) Accordingly, appellants' appeal is dismissed for lack of a final appealable order.
 {¶ 14} Before concluding, however, we must address an additional issue. During the pendency of this appeal, appellee filed an App.R. 23 motion for damages for delay. Because a consideration of the merits of appellants' appeal is necessary for a determination of appellee's motion, we also lack jurisdiction to rule on that motion.
Appeal dismissed.
Evans, P.J. Kline, J. Concur in Judgment and Opinion.
[1] During the pendency of appellant's first appeal, Mr. King passed away. Therefore, we substituted appellee, R. Joyce King, the executrix of Mr. King's estate, as a party.
[2] It appears that after appellee amended her complaint to name PNC as a defendant, Washington Mutual Bank FA acquired PNC's interest in Ms. Cussins' mortgage. For purposes of this appeal, we will continue to refer to the party in interest as PNC.