OPINION
{¶ 1} Defendant-appellant, Stephanie Moore, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that overruled her objections to a magistrate's decision of that court in this child custody dispute.
 {¶ 2} The facts indicate that appellant is the mother of Cameron Goeller, born to appellant and plaintiff-appellee, Steve Goeller, in 1997. Appellant and appellee have never been married, but did briefly live together after Cameron's birth. The couple broke up when Cameron was two, and custody remained with appellant, with appellee having frequent visitation in his home. In April 2002, appellant moved to Michigan, taking Cameron with her. Appellee consequently filed a complaint for reallocation of parental rights and responsibilities, and, in July 2002, obtained a magistrate's order giving him time in the summer and alternate weekends during the school year. In December 2002, the magistrate issued a temporary order designating appellee temporary residential parent and legal custodian, with appellant having parenting time on alternate weekends. This order was followed by a magistrate's decision in March 2003, emphasizing Cameron's closeness with his father and both parents' extended families in the Columbus area, and recommending that custody be placed with appellee. The trial court immediately adopted the magistrate's decision pursuant to Juv. R. 40(E)(4)(c). Appellant followed with timely objections to the magistrate's decision, in which she essentially argued the trial court lacked subject matter and personal jurisdiction, committed procedural errors, and erred in adopting a magistrate's decision that was unsupported by the manifest weight of the evidence. The trial court's decision of March 18, 2004, rejected these arguments and entered a final judgment adopting the magistrate's decision.
 {¶ 3} Appellant now assigns the following as error:
Assignment of Error One
The trial court lacked subject matter jurisdiction due to the Appellee's failure to file a properly executed and completed custody affidavit pursuant to Section 3109.27 of the Ohio Revised Code and the trial court had no right to proceed in the case and the Complaint for Custody filed by the Appellee should have been dismissed.
Assignment of Error Two
The trial court erred in finding that they had subject matter jurisdiction when the Appellee's Complaint failed to comply with Juvenile Rule 10 of the Ohio Juvenile Rules of Procedure.
Assignment of Error Three
The trial court erred when it found that immediate relief was justified and then did not decide the case within the 56 days provided in Juvenile Rule 40(E)(4)(c) any order issued subsequent to the running of the 56 days is void and when this time extends to almost ten months it is issued in violation of the right of the Appellant to due process.
Assignment of Error Four
The trial court erred by allowing the Appellee to file an Amended Complaint for the sole purpose of correcting the Complaint to comply with Juvenile Rule 10 and Section 3109.27 o[f] the Ohio Revised Code.
Assignment of Error Five
The trial court erred by ordering the parties to file a Custody Affidavit pursuant to Section 3109.27 of the Ohio Revised Code after three days of trial and over the objection of the Appellant, since due to the trial court's lack of subject matter jurisdiction the court had no authority to issue such an order.
Assignment of Error Six
The trial court erred in finding that jurisdiction is waived pursuant to Rule 22(D) of the Juvenile Rules of Procedure if not raised by motion prior to the adjudicatory hearing.
 {¶ 4} Some of these arguments raise issues that were the subject of appellant's related action for a writ of habeas corpus. In In re Complaintfor Writ of Habeas Corpus for Goeller, 103 Ohio St.3d 427, 2004-Ohio-5579, the Ohio Supreme Court affirmed this court's determination that appellant did not meet the requirements for obtaining a writ. In particular, the court agreed with this court's finding that appellee's failure to file an affidavit, pursuant to R.C. 3109.27, did not deprive the trial court of subject-matter jurisdiction. In addition, the court rejected appellant's argument that the expiration of the trial court's interim order, and the stay resulting from her filing of objections to the trial court's initial adoption of the magistrate's decision, defaulted in custody remaining with her. The Supreme Court pointed out that this particular claim ignored the trial court's December 2002 temporary-custody award of Cameron to appellee.
 {¶ 5} Appellant's first, fourth, fifth, and sixth assignments of error are all premised upon her contention that the trial court lacked subject-matter jurisdiction. Collateral estoppel, an aspect of res judicata, prevents a question that has been determined by a court of competent jurisdiction in a first cause of action from being relitigated between the same parties in a second, different cause of action. State exrel. Asti v. Ohio Dept. of Youth Serv., Franklin App. No. 03AP-998,2004-Ohio-6832, at ¶ 14, citing State ex rel. Brookpark Entertainment,Inc. v. Cuyahoga Cty. Bd. of Elections (1991), 60 Ohio St.3d 44, 46. Because the Supreme Court, in appellant's habeas corpus action, determined that the trial court did, in fact, have subject-matter jurisdiction over this dispute, we overrule these assignments on the basis of collateral estoppel.
 {¶ 6} Appellant's second assignment of error claims the trial court lacked subject-matter jurisdiction because appellee's complaint did not comply with Juv. R. 10, which provides, in part:
Any person with standing may file a complaint for the determination of any other matter over which the juvenile court is given jurisdiction by the Revised Code. The complaint shall be filed in the county in which the child who is the subject of the complaint is found or was last known to be. * * *
According to appellant, because Cameron was living in Michigan at the time appellee filed his complaint, the trial court lacked subject-matter jurisdiction.
 {¶ 7} As in her complaint for a writ of habeas corpus, appellant confuses subject-matter jurisdiction with the trial court's authority to exercise jurisdiction. Here, as noted by the Supreme Court, the trial court clearly had subject-matter jurisdiction. R.C. 2151.23(A)(2) allows the court to determine the custody of any child not a ward of another court, while R.C. 3109.22(A) permits the court jurisdiction over a child whose home state has been Ohio within six months preceding commencement of the action. Juv. R. 10, widely recognized as applying to venue, not jurisdiction, simply governs the county, among all Ohio counties, in which the complaint should be filed. See In re: Stacy v. Stacy (Nov. 7, 1983), Butler App. No. CA83-06-073; In the Matter of: Harris v. Hopper
(Jan. 15, 1982), Lucas App. No. L-81-187; In re Blake,151 Ohio App.3d 777, 2003-Ohio-899 (Grady, J., dissenting). In this matter, all of Cameron's Ohio connections appear to be in Franklin County, and there is no doubt that Cameron lived in Ohio all of his life until just a few days before appellee filed his complaint. Both venue and jurisdiction rested in Franklin County, Ohio. Therefore, we overrule appellant's second assignment of error.
 {¶ 8} Appellant's third assignment of error claims that the sequence of events in the trial court resulted in the court issuing an interim order that was a nullity, and, as a result, custody should now revert to appellant pursuant to R.C. 3109.042.[1] In addressing this assignment of error, it is helpful to piece together the significant portions of the trial court record:
1. April 2002, appellee filed his complaint for reallocation of parental rights and responsibilities.
2. July 2002, the magistrate issued an agreed order giving appellee time in the summer and alternate weekends.
3. December 2002, the trial court issued a temporary order naming appellee temporary residential parent, and allowing appellant alternate weekends.
4. March 2003, the magistrate issued his decision awarding custody to appellee, followed by a trial court order immediately adopting the magistrate's decision.
5. April 2003, appellant filed objections to the magistrate's decision, arguing jurisdictional defects, procedural errors, and evidentiary deficiencies in the guardian ad litem report and in the magistrate's conclusions regarding Cameron's best interests.
6. May 2003, the trial court issued an "Agreed Interim Order" that declared appellee the residential parent and legal custodian, and provided for appellant's visitation. The order was signed by both the trial court and appellee's counsel, but not by appellant.
7. March 2004, the trial court entered judgment overruling appellant's objections and adopting the magistrate's decision (the final appealable order forming the basis of this appeal).
 {¶ 9} According to appellant, her objections to the magistrate's decision served to stay the trial court's judgment, she did not agree to the "agreed interim order," and the interim order did not, in any case, comply with Juv. R. 40. Therefore, she argues that custody should now revert to her pursuant to R.C. 3109.042.
 {¶ 10} Juv. R. 40(E)(4)(c) provides:
Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days.
 {¶ 11} Even if appellant is correct that she never agreed to the "agreed interim order," that the lack of her agreement rendered the order a nullity, and that, in any event, the interim order expired before the trial court issued its final order because the court did not comply with the time constraints imposed by Juv. R. 40, appellant is incorrect that custody would default to her pursuant to R.C. 3109.042. Instead, custody would default to appellee, pursuant to the magistrate's December 2002 temporary order, which named appellee the custodial parent. Thus, we conclude that appellant did not suffer cognizable harm from any violation that occurred, and we overrule appellant's third assignment of error.
 {¶ 12} Based upon these considerations, we overrule appellant's six assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
Lazarus and Sadler, JJ., concur.
[1] R.C. 3109.042 provides:
"An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation."