DECISION AND JUDGMENT ENTRY
{¶ 1} Brenda L. King (Ms. King) and Timothy W. Stacey,[1] appeal from the judgment finding that the estate of Brenda King's deceased ex-husband has a valid lien on real estate they own. They assert the trial court lacked subject matter jurisdiction over the prior King divorce action that created the lien, and that the court erroneously precluded them from conducting discovery to challenge that issue. Because the matter was previously decided with finality, res judicata barred appellants from relitigating the jurisdictional issue and rendered further discovery for that purpose unnecessary.
 I. PRIOR PROCEEDINGS {¶ 2} This appeal is the sixth chapter in the King divorce chronicles. For a detailed discussion of the factual background and earlier proceedings, see King v. King (Mar. 20, 2000), Adams App. No. 99CA680, (King II), King v. King, Adams App. No. 01CA719, 2002-Ohio-1060 (King IV), appeal not allowed,96 Ohio St.3d 1440 and King v. King, Adams App. No. 02CA759,2003-Ohio-6212 (King V). The salient facts and procedural history pertinent to this appeal follow.
 {¶ 3} When Brenda married William G. King in 1988, he owned real property in Kentucky and she owned real property in Clinton County, Ohio. Following their marriage, the couple lived in Brenda's Clinton County home until 1994, when they sold the property for approximately $73,000 and used $12,000 of the proceeds to pay off Ms. King's mortgage on the home. The couple bought a farm in Highland and Adams Counties Ohio and financed its $124,000 purchase price with a new mortgage and a down payment using the proceeds remaining from the sale of Ms. King's pre-marital home. The Kings recorded title to the farm in Brenda King's name only and made substantial improvements to the property.
 {¶ 4} In 1996, Mr. King filed a complaint for divorce and Ms. King counterclaimed for the same relief. The trial court entered judgment granting the parties a divorce and dividing their property, including the farm. The court awarded the farm to Ms. King but ordered her to pay $47,250 to Mr. King to compensate him for his equity that had accrued during the marriage. The court also ordered Ms. King to execute a mortgage to Mr. King to secure the $47,250 debt to him.
 {¶ 5} A series of appeals and remands followed, as did the substitution of R. Joyce King, the executrix of the late Mr. King's estate. Upon the second remand, the trial court entered a judgment of divorce on July 3, 2000, finding that the farm was marital property valued at $250,000. The court affirmed its previous award of the property to Ms. King, ordered her to pay her ex-husband's estate $47,250 for his marital interest in the property and to execute a mortgage to secure that interest. Neither party appealed the July 3, 2000 judgment.
 {¶ 6} Upon Ms. King's repeated failure to execute a mortgage to secure her debt for her ex-husband's marital interest in the farm, the trial court found her in contempt, sentenced her to 10-days jail time, and granted the executrix a mortgage interest in the farm for the amount of the debt plus interest accrued since July 3, 2000. See King v. King (Jun. 22, 2001), Adams App. No. 01CA708 (King III).
 {¶ 7} In July 2001, Ms. King filed a motion for relief from the trial court's earlier judgments, arguing that the trial court's order regarding the property classification and valuation was not final and that the divorce action "abated" upon the death of William King. For the first time, Ms. King also argued that the trial court had not acquired subject matter jurisdiction over the divorce action because William King was a resident of Kentucky, not Ohio, when he filed his divorce complaint. See R.C.3105.03, which provides that "[t]he plaintiff in actions for divorce and annulment shall have been a resident of the state at least six monthly immediately before filing the complaint." The residency requirement is jurisdictional. See, Hager v. Hager
(1992), 79 Ohio App.3d 239. Thus, Ms. King contended, the trial court lacked jurisdiction to grant the divorce and to divide the parties' property. The trial court overruled the request for relief from judgment.
 {¶ 8} Ms. King again appealed to this court. In affirming the trial court's decision, we expressly found that the trial court possessed subject matter jurisdiction over the King divorce action. See, King v. King, 2002-Ohio-1060 (King IV).
 II. CURRENT LITIGATION {¶ 9} The executrix filed a complaint in foreclosure in July 2001 and moved for summary judgment in February 2002 against Ms. King due to her alleged failure to satisfy the mortgage created by the trial court's orders. In response, Ms. King filed a memorandum presenting arguments identical to those she presented in her 2001 motion for relief from judgment. She included her contention that the trial court lacked jurisdiction because William King was not an Ohio resident when he filed for divorce. Two days before Ms. King filed her memorandum, however, we issued the decision in King IV, which expressly rejected that very argument. Accordingly, the trial court granted summary judgment in favor of the executrix entitling her to a foreclosure of the $47,250 lien on the farm.
 {¶ 10} Following the trial court's grant of summary judgment against Brenda King, the executrix moved to amend her complaint and for summary judgment against Timothy Stacey because he had a possible dower interest in the property due to his marriage to Brenda King.[2] Mr. Stacey opposed appellee's motion for summary judgment, claiming the executrix's mortgage interest in the property was invalid because the court lacked jurisdiction over the Kings' divorce. Mr. Stacey requested additional time to respond to the motion so that he could depose the executrix to obtain evidence that William King resided in Kentucky when he filed for divorce, as Ms. King had argued previously in her challenge of the trial court's jurisdiction.
 {¶ 11} The trial court found that Mr. Stacey had only a dower interest in the real estate, which was subject to the court's earlier judgments concerning the property. Because the court had granted judgment against Brenda on appellee's lien and had previously found it had subject matter jurisdiction over the matter, the court overruled Mr. Stacey's request for additional time to respond to appellee's motion and to conduct discovery for the purpose of again questioning the court's jurisdiction. The judgment entry further provided that the court would issue an order of sale if appellants did not pay the executrix $47,250 plus interest within thirty days.
 III. ASSIGNMENT OF ERROR {¶ 12} After the trial court entered final judgment, Ms. King and Mr. Stacey appealed and presented the following assignments of error:
1. The trial court erred by determining that Appellants were barred by the doctrine of res judicata from raising the defense of lack of subject matter jurisdiction and granting summary judgment on this basis;
2. The trial court erred by failing to compel appellee to attend her deposition;
3. The trial court erred by failing to grant Mr. Stacey additional time to respond to Appellee's motion for summary judgment;
4. The trial court erred by failing to conduct an independent review of the record and entertaining impermissible ex parte arguments in support of Appellee's motion for summary judgment.
 A. SUBJECT MATTER JURISDICTION {¶ 13} Because appellants' first three assignments of error are interrelated, we will consider them together. Appellants argue the trial court's divorce decree and subsequent judgments are invalid due to lack of subject matter jurisdiction because William King was not a resident of Ohio. Thus, they contend res judicata does not apply since a judgment rendered in the absence of subject matter jurisdiction is void ab initio and subject to a collateral attack. These contentions raise issues of law, which we review on a de novo basis. They also assert the trial court erred in overruling Mr. Stacey's requests for additional time to conduct discovery and to compel appellee to be deposed in order to obtain further evidence that William King did not reside in Ohio when he filed his complaint for divorce. Appellants contend the trial court thus improperly precluded them from presenting their affirmative defense of lack of the trial court's subject matter jurisdiction.
 1. RES JUDICATA AND MS. KING {¶ 14} The doctrine of res judicata prevents parties from relitigating claims and issues when there is mutuality of the parties and when a valid, final decision has been rendered on the merits. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379; Stateex rel. Schneider v. N. Olmstead Bd. of Edn. (1988),39 Ohio St.3d 281, 281-282; Davis v. Eachus, Pike App. No. 04CA725,2004-Ohio-5720, ¶ 23. Res judicata applies to bar relitigation of the issue of subject matter jurisdiction. Citicasters Co. v.Stop 26 — Riverbend, Inc., 147 Ohio App.3d 531, 2002-Ohio-2286;Goeller v. Moore, Franklin App. No. 04AP-394, 2005-Ohio-292, ¶5. "Once a jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, such determination is res judicata in a collateral action and can only be attacked directly by appeal." Squires v. Squires
(1983), 12 Ohio App.3d 138; Citicasters, supra.
 {¶ 15} Appellant Brenda King first raised the question of the trial court's subject matter jurisdiction in her July 2001 motion for relief from judgment. There she argued the court did not acquire jurisdiction over the divorce case because William King was not a resident of Ohio when he filed his divorce complaint. The trial court found the argument not "well taken" and overruled the motion. On appeal, we conducted a de novo review of the issue and expressly determined that the trial court possessed subject matter jurisdiction over the King divorce action. See, King IV.
Regardless of the propriety of our decision, it has not been reversed or superseded.
 {¶ 16} Because the jurisdictional issue was fully litigated and determined by courts having authority to pass upon the issue, res judicata barred Brenda King from relitigating it in the foreclosure matter. Grava v. Parkman Twp.; Schneider;Citicasters; Goeller; Squires, supra.
 2. RES JUDICATA AND MR. STACEY {¶ 17} Nevertheless, appellants claim that even if Ms. King cannot relitigate the issue, Timothy Stacey can raise it. They contend res judicata does not apply because he was not a party to the King divorce action and was not in privity with Brenda King when the trial court entered judgment granting appellee the $47,250 mortgage interest in the farm. Indeed, the trial court found, and appellants apparently agree, that Timothy Stacey did not marry Brenda King until after the trial court's July 2000 judgment, which granted appellee the mortgage interest in the farm.
 {¶ 18} In Brown v. Dayton (2000), 89 Ohio St.3d 245, the Ohio Supreme court noted that "[w]hat constitutes privity in the context of res judicata is somewhat amorphous. A contractual or beneficiary relationship is not required." Id., 248. Generally, privity denotes a "mutuality of interest," and is "merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." Id., citing Bruszewski v. UnitedStates (C.A.3, 1950), 181 F.2d 419, 423 (Goodrich, J. concurring). See, also, Waddell v. Boldman, Adams App. No. 01CA721, 2002-Ohio-4229.
 {¶ 19} In this case, Timothy Stacey had no dower or other cognizable legal interest in the property in July 2000 when the trial court entered judgment concerning Mr. King's interest in the property. See, Perlberg v. Perlberg (1969),18 Ohio St.2d 55 (determining that no right of dower exists prior to marriage). Mr. Stacey acquired his dower interest in the property when he married Brenda King. See, In re Martz (N.D. Ohio, Oct. 17, 2002), 293 B.R. 409 (determining that under Ohio law a spouse has a dower interest in real property owned by the other spouse), andDunseth v. Bank of U.S. (1833), 6 Ohio 76 (holding the right of dower flows from marriage). However, Mr. Stacey's dower interest was no greater than Brenda King's ownership interest in the property at the time he and she married. See, Culver v. Harper
(1875), 27 Ohio St. 464; Canan v. Heffey (1927),27 Ohio App. 430. Because the trial court entered a judgment lien affecting Brenda King's ownership interest in the subject property before she and Mr. Stacey married, Mr. Stacey's dower interest in the property was subject to that judgment. Id.
 {¶ 20} Because Mr. Stacey's dower interest in the farm "flowed from" his marriage to Brenda King and was subject to the judicial lien that existed on the property at the time they married, appellants had a sufficient "mutuality of interest" for Mr. Stacey to be deemed to be in privity with Brenda King for purposes of res judicata in this case. Accordingly, like Brenda King, Mr. Stacey was precluded by res judicata from relitigating the issue of the trial court's subject matter jurisdiction in the King divorce proceedings. Accordingly, appellants' first, second, and third assignments of error are overruled.
 B. EX PARTE ALLEGATIONS {¶ 21} In their fourth assignment of error, appellants assert that appellee's counsel and the trial court committed misconduct by engaging in ex parte discussions concerning the merits of the case. See Canon 3(B) of the Ohio Code of Judicial Conduct and Disciplinary Rule 7-110(B).
 {¶ 22} The alleged improper communications are not reflected in the record or otherwise substantiated. Thus, we cannot determine whether they occurred and/or whether they involved substantive matters. Accordingly, we must presume regularity in the proceedings and reject this assigned error. See, In reDisqualification of Saffold, 94 Ohio St.3d 1238, 2001-Ohio-4103;Saponari v. Century Limousine Serv., Inc., Cuyahoga App. No. 83018, 2003-Ohio-6501, ¶ 30; Millstein v. Millstein, Cuyahoga App. No. 79617, 2002-Ohio-4783, ¶ 44. Appellants' fourth assignment of error is thus overruled.
 {¶ 23} Having overruled each of the assignments of error, we affirm the trial court's March 4, 2004 judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. McFarland, J.: Concur in Judgment and Opinion.
[1] The record reflects that as of the filing of this appeal, appellants are married. For our purposes, Brenda will be referred to as "Brenda King" rather than Brenda Stacey or Mrs. Stacey.
[2] The record is unclear as to when Brenda King and Timothy Stacey married. However, the trial court found the marriage occurred sometime after the court entered its July 2000 judgment against Brenda in the amount of $47,250 concerning the subject property.