[Cite as *In re A.R.*, 2017-Ohio-1575.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| A.R., Jr., | : | No. 16AP-482 |
| | | (C.P.C. No. 15JU-15343) |
| Appellee, | : | |
| | | (REGULAR CALENDAR) |
| (State of Ohio, | : | |
| Appellant). | : | |

D E C I S I O N

Rendered on April 27, 2017

**On brief:** *Merullo, Reister & Swinford Co., LPA*, and *Victor D. Merullo*, for appellee. **Argued:** *Victor D. Merullo.*

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Katherine J. Press*, for appellant. **Argued:** *Katherine J. Press.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1} Appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that dismissed the state's second motion to relinquish jurisdiction over a juvenile and bind him over to the common pleas court. For the following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} On December 21, 2015, a complaint was filed in the juvenile court alleging that appellee, A.R., Jr., then 17 years old, was a delinquent child based on his commission of a variety of offenses arising from an armed robbery. The state filed a motion, pursuant

to R.C. 2152.12, for the juvenile court to relinquish jurisdiction over A.R., Jr., and to bind him over to the Franklin County Court of Common Pleas. As relevant here, R.C. 2152.12(A) provides that a juvenile court shall relinquish jurisdiction over a juvenile if it determines that the juvenile is 16 years old or older and finds probable cause that the juvenile committed the charged offenses (known as "mandatory bindover").[1]

{¶ 3} After a hearing, the juvenile court denied the state's motion for mandatory bindover. Specifically, the juvenile court concluded that the state submitted insufficient evidence of the alleged acts to find probable cause. In its decision, the juvenile court expressed concerns with the identification procedures used in this case and the credibility of the victim. The court noted that the victim's testimony "did not reach the Court's feeling of common sense." (Mar. 17, 2016 Jgmt. Entry at 3.)

{¶ 4} The state did not appeal the juvenile court's decision. Instead, it filed a second motion to relinquish jurisdiction based on mandatory bindover. The state planned to present additional evidence at a second hearing to address the concerns the juvenile court expressed in its decision denying their first motion. (Apr. 28, 2016 Tr. at 3-5). A.R., Jr. filed a motion to dismiss, arguing that res judicata prohibited the state from relitigating the bindover issue. The trial court agreed and dismissed the state's motion.

## II. Appellant's Appeal

{¶ 5} The state appeals and assigns the following error:

> The below juvenile court erred in dismissing an interlocutory, collateral motion requesting that the court relinquish jurisdiction to the general division of the court of common pleas. Absent a final judgment ending the action, res judicata does not preclude the court's reconsideration of its interlocutory ruling.

{¶ 6} In this assignment of error, the state argues that the juvenile court erred by dismissing its second motion for mandatory bindover on res judicata grounds. We disagree.

---

[1] Subsequent to the juvenile court's opinion, the Supreme Court of Ohio held in *State v. Aalim*, ___ Ohio St.3d. ___, 2016-Ohio-8278, that mandatory bindover is unconstitutional and, therefore, severed the provisions from the statute. As of now, a motion for reconsideration of that decision is pending before the Supreme Court of Ohio.

### A. Res Judicata

{¶ 7} The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. *Glasstetter v. Rehab. Servs. Comm.*, 10th Dist. No. 13AP-932, 2014-Ohio-3014, ¶ 28, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995); *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 6-7. Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter. *Grava* at 382. "Issue preclusion, also known as collateral estoppel, provides that 'a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' " *Arth Brass & Aluminum Castings, Inc. v. Ryan*, 10th Dist. No. 07AP-811, 2008-Ohio-1109, ¶ 8, quoting *Fort Frye Teachers Assn.*

{¶ 8} Whether the doctrine of res judicata applies in a case is a question of law. *Id.* at ¶ 7. We review questions of law de novo.

### B. Analysis

{¶ 9} The state's arguments why res judicata should not bar its second motion to relinquish jurisdiction are not persuasive. It first argues that the denial of its first bindover motion did not impose final judgment by determining guilt or innocence and, therefore, was an interlocutory order and not a final judgment for purposes of res judicata. We disagree. "An order denying a motion for mandatory bindover is the functional equivalent of a dismissal of a criminal indictment and constitutes a final appealable order under R.C. 2945.67(A)(1)." *In re S.C.M.,* 10th Dist. No. 09AP-462, 2009-Ohio-6778, ¶ 12, citing *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, syllabus.

{¶ 10} The state also argues that res judicata does not apply because the existence of probable cause in the bindover decision is an issue that concerns the juvenile court's subject-matter jurisdiction and may be raised at any time. Again, we disagree. Res judicata applies to bar relitigation of the issue of subject-matter jurisdiction. *King v.*

*King*, 4th Dist. No. 04CA786, 2006-Ohio-183, ¶ 14, citing *Citicasters Co. v. Stop 26-Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, ¶ 33 (7th Dist.); *Goeller v. Moore*, 10th Dist. No. 04AP-394, 2005-Ohio-292, ¶ 5. Although it is a correct statement of law that subject-matter jurisdiction may be raised at any time, *see Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, once a jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, such determination is res judicata in a collateral action and can only be attacked directly by appeal. *Bell v. Nichols*, 10th Dist. No. 10AP-1036, 2013-Ohio-2559, ¶ 23; *Squires v. Squires*, 12 Ohio App.3d 138 (12th Dist.1983). Here, the juvenile court had subject-matter jurisdiction to determine whether probable cause existed in order to decide the state's motion for mandatory bindover. R.C. 2152.12. After a hearing, at which the state had a full opportunity to present evidence, the juvenile court made that determination. The state did not appeal. Therefore, res judicata applies to bar the state from attempting to relitigate the issue. *King* at ¶ 16 (holding that res judicata barred relitigation of jurisdictional issue already fully litigated and determined by the court having authority to do so).

{¶ 11} Last, the state argues that res judicata should not apply because it had additional evidence it sought to introduce at the second hearing that would answer the juvenile court's questions and that would support a finding that probable cause existed. This substantive argument is beside the point. The state could always argue that it had additional evidence that would warrant the granting of a motion. There would be no logical end. This is the very reason for the application of res judicata; to avoid the relitigation of issues already resolved. The state, in its first motion for mandatory bindover, had the burden to present evidence to prove that probable cause existed. After a hearing, the juvenile court concluded that the state failed to meet that burden. The state chose not to appeal that decision, which was a final appealable order. At that point, res judicata bars the state from relitigating the issue.

## III. Conclusion

{¶ 12} The juvenile court did not err by applying res judicata to dismiss the state's second motion for mandatory bindover. Accordingly, we overrule the state's lone

assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

————————————