IN RE DISQUALIFICATION OF NADEL.

THE STATE OF OHIO v. MCNEAL.

[Cite as *In re Disqualification of Nadel* (1989), 74 Ohio St.3d 1214.]

(No. 89–AP–096—Decided June 5, 1989.)

MOYER, C.J.  The affidavit of disqualification filed herein by defendant David H. McNeal seeks the disqualification of Judge Norbert A. Nadel from further proceedings in case No. B–885954 in the Court of Common Pleas of Hamilton County.

The affidavit alleges that Judge Nadel participated in plea negotiations between the prosecuting attorney and defense counsel.  Affiant claims that at a sentencing hearing Judge Nadel indicated a predisposition not to consider a probationary sentence for the defendant if he is convicted at trial.  Affiant now alleges that Judge Nadel could not be impartial in the event a jury is waived and the case is tried to the court, on the basis that Judge Nadel became privy to the prosecution's witness's statement of facts and a Victim Impact Statement as a result of the judge's participation in the plea negotiations.

Based upon the record before me, I conclude that a party cannot acquiesce in the participation of the trial judge in plea negotiations and, if those negotiations do not result in the disposition of the case, then have the judge disqualified on the basis of what the judge may have learned during those negotiations.  "[A] party should not be permitted to participate in an action or proceedings to the extent that he is able to ascertain the attitude of the judge toward important aspects of his case and then avoid an adverse ruling by belatedly raising the issue of disqualification."  Annotation, Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings—Modern State Criminal Cases (1984), 27 A.L.R.4th 597, 605, cited in *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

For these reasons, the affidavit of disqualification is found not well taken and the cause may proceed before Judge Nadel.