IN RE DISQUALIFICATION OF WILLIAMS.

ROWAN v. KLINEHAMER.

[Cite as *In re Disqualification of Williams* (1993), 74 Ohio St.3d 1248.]

(No. 93–AP–122—Decided October 22, 1993.)

MOYER, C.J. These affidavits of disqualification were filed by Donald A. Powell and Frank G. Mazgaj, counsel for defendant city of Tallmadge, and Richard A. Schunk, Law Director of the city of Tallmadge, seeking the disqualification of Judge James R. Williams from further proceedings in the above-captioned case.

Richard T. Cunningham, counsel for plaintiffs, filed a motion for leave to file an affidavit. The motion is granted and Cunningham's proffered affidavit is accepted.

Affiants cite two grounds in support of disqualification. During an *in camera* settlement conference, in response to statements from affiant Powell suggesting his confidence that the court would direct a verdict in favor of his client, Judge Williams stated, "Don't expect a directed verdict from this court."

Affiants argue that this statement indicates a prejudgment without benefit of the evidence to be offered at trial. Judge Williams states that his comment was meant only to convey that counsel should not place total reliance on obtaining a directed verdict. The judge also, perhaps correctly, suggests that remaining silent might have been improperly construed as an acknowledgement that he would indeed direct a verdict.

"A judge rarely hears the preliminary statement of a case * * * without forming an opinion conditioned upon the establishment of certain facts and the law as claimed[.]" That conditional opinion is not sufficient to overthrow the presumption of the judge's ability to render a fair decision based upon the evidence later presented at trial. *State v. Cox* (1911), 21 Ohio Dec. 299, 310. For this reason, affiant's first claim of bias and prejudice is found not well taken.

The second basis argued in support of disqualification arises from *ex parte* contact initiated by Judge Williams with the Law Director of defendant city of Tallmadge. The record is unclear as to whether the law director was serving as co-counsel or merely as the city's representative in pretrial discussions. However, that issue is not dispositive.

Although not cited by any of the participants, Canon 3(A)(4) of the Code of Judicial Conduct reads in part: "A judge should * * * neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding." The *ex parte* contact in this case, initiated by the judge, was not for

a scheduling or ministerial matter but concerned the substantive matter of a party's likelihood to contribute to a settlement. Whether or not evidence of bias, prejudice, or interest exists, the *ex parte* contact may create an appearance of impropriety.

To avoid even the appearance of impropriety, and to ensure the confidence of the parties and the public in a fair and impartial adjudication of this matter, it is ordered that Judge James R. Williams participate no further, and the case is returned to the Summit County Court of Common Pleas for reassignment to another judge of that court.