IN RE DISQUALIFICATION OF CORRIGAN.

THE STATE OF OHIO v. GONZALEZ.

[Cite as *In re Disqualification of Corrigan* (1996), 77 Ohio St.3d 1243.]

(No. 96–AP–045—Decided April 1, 1996.)

MOYER, C.J. This affidavit of disqualification was filed by John W. Martin, counsel for defendant, Robert Rivera Gonzalez, seeking the disqualification of Judge Michael J. Corrigan from further proceedings in the above-captioned case.

Affiant contends that Judge Corrigan should be disqualified from the underlying case based on his involvement in a plea bargain agreement involving Gonzalez's co-defendant, Daniel Tomblin. Affiant claims that Judge Corrigan displayed his bias and prejudice by repeatedly stressing Tomblin's obligation under the plea agreement to testify truthfully against Gonzalez at Gonzalez's trial and by deferring Tomblin's sentencing until after the Gonzalez trial.

Generally, the participation by a judge in plea bargain discussions does not mandate that judge's disqualification based on matters coming to the judge's attention during those discussions. See *In re Disqualification of Nadel* (1989), 74 Ohio St.3d 1214, 657 N.E.2d 1329, and *In re Disqualification of Mitrovitch*

(1990), 74 Ohio St.3d 1219, 657 N.E.2d 1333. Having reviewed the transcript submitted by affiant, I cannot conclude that the statements made by Judge Corrigan demonstrate a bias or prejudice against the defendant. Rather, these statements, which were made to satisfy the requirements of Rule 11 of the Ohio Rules of Criminal Procedure, reflect the terms of the plea agreement and the judge's expectation that Tomblin testify truthfully at Gonzalez's trial.

For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Corrigan.