IN RE DISQUALIFICATION OF LORIG.

THE STATE OF OHIO *v.* STEVENS.

[Cite as *In re Disqualification of Lorig* (1996), 75 Ohio St.3d 1212.]

(No. 96–AP–052—Decided May 2, 1996.)

MOYER, C.J.   This affidavit of disqualification was filed by John R. Butz, counsel for defendant Lowell Stevens, seeking the disqualification of Judge Gerald F. Lorig from further proceedings in the above-captioned case.

I have reviewed the materials submitted by affiant and Judge Lorig, including a transcript from the January 23, 1996 hearing on the motion of prior defense counsel to withdraw from the case.   I cannot conclude that the statements made by Judge Lorig at that hearing are indicative of bias or prejudice against the defendant.   His comments reflect frustration at continued delays in the underlying case and express his intention to go forward with the then-pending trial date. The fact that, subsequent to that hearing, the judge twice continued the trial date is further evidence of a lack of bias or prejudice against the defendant.   Accordingly, the affidavit is found not well taken and is denied.   The case shall proceed before Judge Lorig.

This affidavit of disqualification is based primarily on matters that arose during the January 23 hearing, and affiant indicates that these matters were discussed with the judge and the prosecuting attorney "several weeks ago."   However, the affidavit was not filed until six days before the scheduled trial date and caused yet another delay in this case.   While the statute governing the filing of affidavits of disqualification provides that an affidavit is timely if filed at least three days before the scheduled hearing date, I have held that an affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias or prejudice occurred or affiant becomes aware of circumstances that support disqualification.   See *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298.   I restate that position here as a reminder to persons filing affidavits of disqualification that the constitutional and statutory process for seeking the disqualification of a trial or appellate judge is to be used exclusively to determine the existence of bias, prejudice, or other disqualifying interest and not as a tactic of delay.