[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1205.]

IN RE DISQUALIFICATION OF KRICHBAUM.

THE STATE OF OHIO *v.* CORNWELL.

[Cite as *In re Disqualification of Krichbaum*, 1997-Ohio-14.]

*Judges—Affidavit of disqualification—Judge's participation in plea bargain agreement of a co-defendant does not mandate disqualification— Participation in trial of a prior cause, during which judge acquired knowledge of the facts of the underlying case, does not require disqualification.*

(No. 97-AP-028—Decided March 4, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Mahoning County

Court of Common Pleas case No. 96-CR-525.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification was filed by James S. Gentile and E. Winther McCroom, counsel for defendant, seeking the disqualification of Judge R. Scott Krichbaum from further proceedings in the above-captioned case.

{¶ 2} Affiants contend that Judge Krichbaum is biased and prejudiced against defendant Sydney Cornwell because the judge accepted guilty pleas from defendants Williams, McGaha, and Bunkley, three accomplices of Cornwell. In addition, affiants allege that Judge Krichbaum has "sanction[ed] and approved" the prosecution's theory of the case because the pleas of Williams, McGaha, and Bunkley were conditioned upon their agreement to provide sworn statements to the prosecuting attorney and to testify against Cornwell. In further support of their argument that Judge Krichbaum is biased and prejudiced against Cornwell, affiants indicate that Judge Krichbaum presided over the jury trial of defendants Johnson

and Stoutmire, two additional accomplices of Cornwell, at which time Judge Krichbaum heard the testimony of Williams, McGaha, and Bunkley.

{¶ 3} A judge's involvement in a plea bargain agreement of a co-defendant does not mandate disqualification. *In re Disqualification of Corrigan* (1996), 77 Ohio St.3d 1243, 674 N.E.2d 355. Likewise, a judge's participation in the trial of a prior cause, during which the judge acquired knowledge of the facts of the underlying case, does not require disqualification. *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 616 N.E.2d 909. Accordingly, the mere fact that Judge Krichbaum accepted the guilty pleas of Williams, McGaha, and Bunkley and then heard their testimony during the trial of Johnson and Stoutmire does not mandate Judge Krichbaum's disqualification from the trial of Cornwell.

{¶ 4} Affiants argue that the stricter disqualification standard that is referenced in *D'Ambrosio* and has been adopted in several other state courts should apply in the present case. Under that standard, recusal is required "if the record indicates that, as a result of a prior proceeding, the judge formed an opinion as to facts at issue in a subsequent proceeding." *D'Ambrosio* at 189, 616 N.E.2d at 913. Even applying this stricter standard, however, the record fails to indicate that disqualification is warranted. A review of the transcripts of the pleas of Williams, McGaha, and Bunkley confirm that Judge Krichbaum has neither expressed his view of the state's evidence against defendant Cornwell nor indicated a belief in the testimony of Williams, McGaha, and Bunkley. Moreover, a jury, not Judge Krichbaum, determined the credibility of Williams, McGaha, and Bunkley during the trial of Johnson and Stoutmire, as will the jury in the trial of defendant Cornwell.

{¶ 5} Further, it is noted that Judge Krichbaum accepted the pleas of Williams, McGaha, and Bunkley on September 12, 1996 and that the trial of Johnson and Stoutmire took place on September 16, 1996. Affiants waited until February 12, 1997 to file a motion to recuse, which Judge Krichbaum overruled on that date, and did not file the affidavit of disqualification with the Clerk of this court

until February 25, 1997. An affidavit of disqualification must be filed as soon as possible after the incident giving rise to the claim of bias or prejudice occurred or affiant became aware of circumstances that support disqualification. A party may be considered to have waived its objection to the judge when the objection is not raised in a timely fashion and the facts underlying the objection have been known to the party for some time. See *In re Disqualification of Pepple* (1989), 47 Ohio St.2d 606, 546 N.E.2d 1298. Further, affidavits of disqualification are not to be used as a tactic of delay. See *In re Disqualification of Lorig* (1996), 75 Ohio St.3d 1212, 664 N.E.2d 943.

**{¶ 6}** For the foregoing reasons, the affidavit of disqualification is found not well taken and is denied.

————————————