[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1211.]

IN RE DISQUALIFICATION OF CHRISTIANSEN.

SEHLMEYER *v*. TOLEDO EDISON COMPANY ET AL.

[Cite as *In re Disqualification of Christiansen*, 1999-Ohio-7.]

*Judges—Affidavit of disqualification—Judge had parties' consent to engage in ex parte settlement discussions with representatives of each party—No claim for disqualification recognized.*

(No. 99-AP-035—Decided May 25, 1999.)

ON AFFIDAVIT OF DISQUALIFICATION in Lucas County Court of Common Pleas case No. 96-2150.

_____

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Denise M. Hasbrook, counsel for defendants Toledo Edison Company et al., seeks the disqualification of Judge Robert G. Christiansen from further proceedings regarding the underlying case. The case was tried to a jury, which returned a verdict in favor of the plaintiff Dennie M. Sehlmeyer, Jr. The jury verdict and court's denial of the defendants' motion for a new trial and judgment notwithstanding the verdict have been appealed by the defendants to the Sixth District Court of Appeals. Pending before Judge Christiansen is the plaintiff's request for an award of prejudgment interest.

{¶ 2} Affiant asserts that Judge Christiansen should be disqualified from ruling on the issue of prejudgment interest because of an alleged *ex parte* communication that occurred during the trial between the judge and the claims manager for the defendants. Affiant indicates that she first became aware of this conversation during a February 24, 1999 hearing on the issue of prejudgment interest. While affiant does not object to the *ex parte* nature of the conversation, she asserts that the judge improperly approached the claims manager outside her

presence, contrary to Canon 3(B)(7) of the Code of Judicial Conduct. Affiant further contends that this conversation affected the judge's subsequent consideration of the case and will influence his ruling on the issue of the plaintiff's entitlement to prejudgment interest.

{¶ 3} In support of her claim of disqualification, affiant relies on *In re Disqualification of Williams* (1993), 74 Ohio St.3d 1248, 657 N.E.2d 1352. In *Williams*, I disqualified a trial judge who initiated settlement discussions on an *ex parte* basis with the law director for a municipal corporation that was being represented in the underlying case by private counsel. The basis for disqualification in *Williams* was the provision of Canon 3 of the Code of Judicial Conduct relative to *ex parte* communications. Canon 3(B)(7) reads, in pertinent part, as follows:

"A judge shall not initiate, receive, permit, or consider communications made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding        * * *."

{¶ 4} I find the circumstances of the underlying case distinguishable from those in the *Williams* case cited by affiant. In *Williams*, there was no indication that the judge had the parties' consent to engage in *ex parte* settlement negotiations, and the role of the city law director, with whom the judge had settlement discussions, was unclear. In the underlying case, the parties authorized the judge to conduct *ex parte* settlement discussions with representatives of each party in an effort to settle the case. These discussions continued up to and through the trial without objection. Moreover, the discussion referenced by affiant was between Judge Christiansen and an individual who, in the affiant's words, attended the trial as the corporate agent of the defendants. While the more appropriate approach would have been to include counsel for the defendants in the settlement discussion with the corporate agent, this individual was a "representative" of the defendants for purposes of Canon 3(B)(7). As Judge Christiansen's communication was with an individual whom he believed to be an authorized representative of the

2

defendants, there can be no claim of disqualification under either Canon 3(B)(7) or *Williams*.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and denied.  The case shall proceed before Judge Christiansen.

_____