[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1217.]

IN RE DISQUALIFICATION OF KIMBLER.

RICKBRODT *v*. RICKBRODT.

[Cite as *In re Disqualification of Kimbler*, 1999-Ohio-13.]

*Judges—Affidavit of disqualification—Disqualification of judge not warranted by mere fact that attorney for one party was former municipal court bailiff of the judge—Ruling of law that is adverse to affiant does not demonstrate bias or prejudice.*

(No. 99-AP-115—Decided December 8, 1999.)

ON AFFIDAVIT OF DISQUALIFICATION in Medina County Court of Common Pleas case No. 98 CIV 0354.

_____

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by Becky Blair, counsel for defendant Diana E. Rickbrodt, seeks the disqualification of Judge James L. Kimbler from further proceedings regarding the above-captioned case.

{¶ 2} Affiant claims that Judge Kimbler should be disqualified from this case because he has a "special relationship" with counsel for the plaintiff, Steve C. Bailey. This alleged relationship arises from the fact that plaintiff's counsel served as Judge Kimbler's municipal court bailiff from 1986 until 1989. Without specific evidence to support affiant's claim of a special relationship, I cannot conclude that disqualification of Judge Kimbler is warranted solely because attorney Bailey previously was employed by Judge Kimbler.

{¶ 3} Affiant further contends that Judge Kimbler's disqualification is warranted because he granted plaintiff Christopher Rickbrodt's motion for a protective order without affording affiant notice of and an opportunity to be heard on the motion. The matter raised by affiant is a legal ruling subject to review on

appeal. The fact that the ruling may have been adverse to affiant does not demonstrate bias or prejudice on the part of Judge Kimbler.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Kimbler.

———————————