[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1218.]

IN RE DISQUALIFICATION OF HENRY.

IN RE LORTIE.

[Cite as *In re Disqualification of Henry*, 1999-Ohio-14.]

*Judges—Affidavit of disqualification—Judge will not be disqualified simply because he formed an opinion regarding the veracity of a potential witness while presiding over a related case—Recusal not required when the evidence upon which the judge's opinion was based did not come from an extrajudicial source.*

(No. 99-AP-119—Decided December 14, 1999.)

ON AFFIDAVIT OF DISQUALIFICATION in Geauga County Juvenile Court case No. 99JD000392.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by John Lortie seeks the disqualification of Judge Charles E. Henry from further proceedings regarding the above-captioned case.

{¶ 2} Affiant contends that Judge Henry should be disqualified from presiding over the adjudicatory hearing because, in ruling on a motion to suppress, the judge expressed an opinion regarding affiant's credibility and that of two police officers. In arguing for Judge Henry's disqualification, affiant's counsel attempts to distinguish this circumstance from the holding in *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 188-189, 616 N.E.2d 909, 913. However, in *D'Ambrosio*, a unanimous Supreme Court held that the trial judge would not be disqualified from presiding over a pending case simply because he formed an opinion regarding the veracity of a potential witness while presiding over a related case. The court went on to note that recusal was not required, since the evidence upon which the judge's

opinion was based did not come to the judge from an extrajudicial source. See *D'Ambrosio* at 188, 616 N.E.2d at 913.

{¶ 3} Similarly, Judge Henry's opinions of the veracity of witnesses who may testify at the adjudicatory hearing were formed from his consideration of testimony and other evidence presented during the hearing on the motion to suppress, and his statement of that opinion was made in support of his ruling on the motion to suppress. I cannot conclude that this statement demonstrates a bias or prejudice on the part of Judge Henry that mandates his disqualification from the adjudicatory hearing.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Henry.

_____