Opinion in Chambers, per Moyer, C.J.

**IN RE DISQUALIFICATION OF SHEWARD.**

**GRIFFIN INDUSTRIES, INC. *v*. OHIO DEPARTMENT OF ADMINISTRATIVE**

**SERVICES ET AL.**

**[Cite as *In re Disqualification of Sheward*, 100 Ohio St.3d 1221, 2002-Ohio-7473.]**

*Judges — Affidavit of disqualification — Disqualification not mandated pursuant to Canon 3(E) based solely on judge's participation in discussions regarding potential plea bargain or settlement — Judge's remarks warrant his disqualification to avoid the appearance of bias or prejudice, when.*

(No. 02-AP-041 — Decided May 2, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Common Pleas Court case No. 00CVH021543.

_____

**MOYER, C.J.**

**{¶1}** This affidavit of disqualification was filed by Lawrence Walker, counsel for plaintiff, seeking the disqualification of Judge Richard Sheward from further proceedings regarding the above-captioned case. The underlying case is pending before Judge Sheward on remand from the court of appeals.

**{¶2}** Following remand, the parties engaged in negotiations that affiant claims resulted in an agreement to settle the underlying matter. Affiant alleges that when one of the defendants failed to honor the terms of the settlement, he filed a motion on behalf of his client seeking to enforce the settlement. Affiant

then wrote to Judge Sheward, asking that the judge recuse on the grounds that the settlement offer was made and possibly accepted in the judge's presence and that he would be a material witness at the hearing on the pending motion. When Judge Sheward refused to recuse himself, affiant filed this affidavit, contending that Judge Sheward's disqualification was mandated pursuant to Canon 3(E) of the Code of Judicial Conduct and the case of *Bolen v. Young* (1982), 8 Ohio App.3d 36, 8 OBR 39, 455 N.E.2d 1316.

{¶3} Affiant filed a supplemental affidavit on April 15, 2002, regarding a status conference conducted by Judge Sheward earlier that day. During that status conference, affiant claims that Judge Sheward made the following remarks:

{¶4} "* * * (a) he said: 'I wrote you a letter saying that you are a man of no integrity and I am now saying that to your face'; (b) he said that I was the type of lawyer who brought disgrace upon the legal profession; and (c) he stated that I was not welcome in this Court in connection with the Action or in connection with any other matter. * * *"

{¶5} Based on the record before me, I cannot conclude that Judge Sheward's disqualification from the hearing to enforce the purported settlement agreement is required pursuant to Canon 3(E) or *Bolen*. Generally, disqualification is not mandated pursuant to Canon 3(E) based solely on the fact that a judge participated in discussions regarding a potential plea bargain or settlement and thereby obtained knowledge of disputed evidentiary facts. See *In re Disqualification of Nadel* (1989), 74 Ohio St.3d 1214, 657 N.E.2d 1329; and *In re Disqualification of Williams* (1993), 74 Ohio St.3d 1248, 657 N.E.2d 1352. By facilitating or participating to any extent in settlement discussions between or among parties to a pending case, a judge is likely to learn more about the facts of the underlying case. However, this does not mean that the judge has personal knowledge of those facts, as characterized by the parties to the settlement discussions, such that his or her disqualification is required pursuant to Canon

3(E). Moreover, *Bolen* establishes a three-prong test that would mandate an evidentiary hearing regarding the alleged settlement before a new judge. The record before me is insufficient to determine the applicability of *Bolen* to the underlying case, since there appears to be significant disagreement as to whether and when the parties reached a settlement and whether Judge Sheward was present when the settlement, if any, was reached. See *Bolen* at 37-38, 8 OBR 39, 455 N.E.2d 1316.

{¶6} Nevertheless, I find that Judge Sheward's disqualification from this matter is warranted to avoid the appearance of bias and prejudice. The remarks attributed to Judge Sheward in affiant's April 15, 2002 affidavit and set forth above suggest to a reasonable person that the judge could harbor a bias against affiant based on the fact that he sought the judge's recusal and disqualification. These comments are similar to those set forth in Judge Sheward's April 4, 2002 response to affiant's recusal request and have not been otherwise controverted by Judge Sheward.

{¶7} For these reasons, Judge Richard S. Sheward is disqualified from further proceedings in this matter. The case is returned to the administrative judge of the general division of the Franklin County Court of Common Pleas for reassignment to another judge of that division.

————————————