In re Disqualification of Solovan.

Bishop et al. v. Munson Transportation et al.

[Cite as In re Disqualification of Solovan,
101 Ohio St.3d 1222, 2003-Ohio-7353.]

(No. 03–AP–006—Decided September 8, 2003.)

Moyer, C.J.

{¶ 1} This affidavit of disqualification was filed by James J. Turek, counsel for defendants, Munson Transportation et al., seeking the disqualification of Judge John M. Solovan from further proceedings in the above-captioned case.

{¶ 2} This case was originally filed in 1990 and is before Judge Solovan for the first time on remand for a third trial. At a pretrial conference held on June 13, 2002, the parties addressed Judge Solovan's concern that his docket would not allow the case to be tried until 2003 and agreed that Judge Solovan should not seek to have the case transferred. By entry dated June 19, 2002, the case was rescheduled for March 2003, and the parties were ordered to consult with their clients concerning Judge Solovan's recommendation that mediation be considered. The parties were unsuccessful in securing an agreement to mediate this case, and a second pretrial conference was conducted by telephone on November 27, 2002.

{¶ 3} Affiant alleges that during the November 27, 2002 pretrial conference, Judge Solovan exhibited "an implied hostility" toward the defendants regarding their failure to engage in mediation and to stand by their liability defenses and improperly attempted to use the threat of prejudgment interest to intimidate the defendants. Affiant references specific comments made by Judge Solovan during the pretrial conference and contends that these comments reflect prejudice on the part of Judge Solovan.

{¶ 4} Having reviewed the transcript of the November 27, 2002 hearing, together with other documents contained in the record, I cannot conclude that Judge Solovan is prejudiced against defendants. A portion of the transcript reflects Judge Solovan's concern over the fact that the parties had not agreed to mediate this matter, although he had previously been advised to the contrary. The balance of the transcript is largely devoted to an outline of factors that the

parties should take into consideration in determining whether to settle the underlying matter prior to trial, including the potential for an award of prejudgment interest. Although affiant is correct in stating that the issue of prejudgment interest becomes relevant only if liability has been established and a verdict rendered, such a determination must be based on several factors that occur prior to trial. The mere fact that the judge chose to outline these and other factors during the pretrial conference as a means of facilitating settlement discussions does not establish the existence of bias or prejudice on the part of the judge.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied. The matter shall continue before Judge Solovan.