IN RE DISQUALIFICATION OF BASINSKI.

CRUMLEY *v.* CRUMLEY.

[Cite as *In re Disqualification of Basinski,*
145 Ohio St.3d 1227, 2015-Ohio-5673.]

(No. 15–AP–100—Decided December 8, 2015.)

O'CONNOR, C.J.

{¶ 1} L. Ray Jones, counsel for plaintiff, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge David A. Basinski, a retired judge sitting by assignment, from presiding over any further proceedings in the above-captioned divorce case, now pending for trial.

{¶ 2} Jones claims that on the day of the scheduled trial, and before hearing any evidence, Judge Basinski expressed a fixed anticipatory judgment regarding how he intended to divide the parties' marital property. Specifically, Jones claims that Judge Basinski stated that if the parties could not settle their outstanding property issues on their own, he would appoint a receiver to liquidate the property.

{¶ 3} Judge Basinski has responded in writing to the affidavit, explaining that upon learning that the parties had not settled their property issues, he wanted to "get their attention," so he "described the most radical method of dividing the various marital assets, *i.e.*, the appointment of a receiver and the sale of all of the marital property." Explaining to the parties the "worst possible outcome if the matter goes to trial," the judge asserts, is part of his settlement approach in domestic-relations cases. Judge Basinski affirms, however, that because he has not heard any evidence in the matter, he has not prejudged the issues nor decided how he will ultimately rule.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Basinski.

{¶ 5} As an initial matter, the timeliness of the affidavit warrants discussion. R.C. 2701.03(B) requires that an affidavit of disqualification be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside, however, when "compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date. *In re Disqualification of Leskovyansky*, 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999); *Disciplinary Counsel v. Squire*, 116 Ohio St.3d 110, 2007-Ohio-5588, 876 N.E.2d 933, ¶ 27. Here, Jones filed his affidavit of disqualification on November 16, 2015, the same day as the scheduled trial. Jones avers, however, that Judge Basinski made the alleged biased comments earlier that same day and that the judge had adjourned the trial so that Jones could file the affidavit. In light of Jones's averments, the clerk properly accepted the affidavit for filing. *See In re Disqualification of Squire*, 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 3.

{¶ 6} Turning to the merits, a judge, in facilitating settlement prior to trial, may "warn of potential adverse consequences should an agreement not be reached." *In re Disqualification of Spon*, 134 Ohio St.3d 1254, 2012-Ohio-6345, 984 N.E.2d 1069, ¶ 22. Here, the transcript reveals that after learning that the parties could not resolve the property issues, Judge Basinski outlined several

factors that they should consider before proceeding to trial, including the potential for an appointment of a receiver to liquidate their marital property. To some, the judge's approach may seem somewhat heavy-handed, but upon review of the entire transcript—as well as the judge's statements in his response to the affidavit of disqualification—his pretrial comments encouraging settlement are not sufficient to overcome the presumption that he will be able to render a fair decision based on the evidence later presented at trial. *See, e.g., In re Disqualification of Brown,* 74 Ohio St.3d 1250, 1251, 657 N.E.2d 1353 (1993) (judge's expression of a conditional opinion of the facts or the law "is not sufficient to counter the presumption of the judge's ability to render a fair decision based upon the evidence later presented at trial"); *In re Disqualification of Forchione,* 134 Ohio St.3d 1235, 2012-Ohio-6303, 983 N.E.2d 356, ¶ 22 (fact that judge discussed the possibility of an unfavorable verdict did not establish bias or prejudice).

{¶ 7} Additionally, the transcript indicates that Judge Basinski addressed his pretrial comments to both parties, and Jones has not sufficiently explained how the judge's comments reflect a bias against his client or in favor of defendant. In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Here, the judge's cautionary words do not appear to indicate ill will against one specific party or favoritism toward the other party. Accordingly, the judge's words do not indicate a bias or prejudice against plaintiff.

{¶ 8} The statutory right to seek disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Basinski.