Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF SADLER.

THE STATE OF OHIO *v*. ZERLA.

[Cite as *In re Disqualification of Sadler*, 100 Ohio St.3d 1220, 2002-Ohio-7472.]

*Judges — Affidavit of disqualification — No prejudice shown based solely on claim that judge's colleague prosecuted affiant eleven years earlier.*

(No. 02-AP-035 — Decided March 29, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Common Pleas Court case No. 90 CR 4398.

————————————

**MOYER, C.J.**

{¶1} This affidavit of disqualification filed by defendant, Terrance E. Zerla, seeks the disqualification of Judge Lisa L. Sadler and all Franklin County judges from further proceedings in the above-captioned matter.

{¶2} Affiant claims that the participation of Judge Sadler and her colleagues in the underlying matter creates an appearance of impropriety based primarily on the fact that affiant was prosecuted in 1990 by Dan Hogan, who now serves on the Franklin County Court of Common Pleas. A judge is presumed to be fair and impartial and able to decide cases pending before him or her in accordance with the law and without regard to personal considerations. See *In re Disqualification of Kilpatrick* (1989), 47 Ohio St.3d 605, 546 N.E.2d 929. Absent extraordinary circumstances or clear evidence of bias or prejudice, a judge will not be disqualified from a pending matter based solely on a claim that a current

colleague of the judge prosecuted affiant more than eleven years ago. Affiant has failed to demonstrate circumstances or provide evidence to suggest that Judge Sadler's disqualification is warranted.

{¶3} For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Sadler.

_____