THE STATE OF OHIO, APPELLANT, *v*. FORREST, APPELLEE.

[Cite as *State v. Forrest*, 136 Ohio St.3d 134, 2013-Ohio-2409.]

*Because App.R. 26(A)(2) is silent on the issue of who must make the initial*
*determination whether an intradistrict conflict exists, either an en banc*
*court or a panel of the court may make the determination.*

(Nos. 2012-0415 and 2012-0416—Submitted February 5, 2013—Decided
June 12, 2013.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County,
No. 11AP-291, 2012-Ohio-280 and 2012-Ohio-938.

_____

**FRENCH, J**.

{¶ 1}   This case presents the question whether a three-judge panel of appellate judges—instead of the full court—may review a party's application for en banc consideration in order to determine whether an intradistrict conflict exists. We hold that it may.

*Facts and Procedural History*

{¶ 2}   On May 16, 2009, appellee, Al E. Forrest, was sitting in a parked vehicle on Omar Drive in Columbus.  A Columbus police officer approached the vehicle, observed Forrest's behavior, and ordered Forrest to exit the car.  Forrest ignored the officer, so the officer opened the door and pulled Forrest out.  As he did so, he saw a clear plastic baggie of heroin on the seat next to Forrest.  He placed Forrest under arrest, searched the vehicle, and found cocaine.

{¶ 3}   Following his indictment on drug-related charges, Forrest filed a motion to suppress the evidence obtained in the search.  The trial court granted the motion, finding that the search violated the Fourth Amendment.  A three-

judge panel of the Tenth District Court of Appeals affirmed the judgment. *State v. Forrest*, 10th Dist. No. 11AP-291, 2011-Ohio-6234, ¶ 20.

{¶ 4} The state then filed simultaneous applications for reconsideration and en banc consideration. The state also moved to have all eight judges of the Tenth District rule on the state's application for en banc consideration. The three-judge panel that heard the original appeal denied the motion for participation of all eight judges and reviewed the application for en banc consideration. *State v. Forrest*, 10th Dist. No. 11AP-291, 2012-Ohio-280, ¶ 1, 16. The panel found that its initial decision did not conflict with prior Tenth District cases and that en banc consideration was therefore unwarranted under App.R. 26(A)(2). *Id.* at ¶ 15. The panel also denied the state's motion for reconsideration. *Id.* at ¶ 16.

{¶ 5} We accepted the state's discretionary appeal on its fifth proposition of law, regarding whether it was proper for only the panel—and not the en banc court—to review and deny the application for en banc consideration. *State v. Forrest*, 131 Ohio St.3d 1553, 2012-Ohio-2263, 967 N.E.2d 764. We also determined that a conflict exists between *Forrest* and two other cases, *Kelley v. Ferraro*, 8th Dist. No. 92446, 2010-Ohio-4179, and *State v. Morris*, 9th Dist. No. 09CA0022-M, 2010-Ohio-5973. *State v. Forrest*, 131 Ohio St.3d 1551, 2012-Ohio-2263, 967 N.E.2d 763. The certified-conflict matter and the state's discretionary appeal were consolidated for review. *Id.*

*Question Presented*

{¶ 6} The certified-conflict question states as follows: "Whether the entire en banc court as defined in App.R. 26(A)(2) must participate in the decision whether to grant or deny an application for en banc consideration." *Id.* After reviewing the record and the parties' briefs, we conclude that the parties do not actually dispute that only the en banc court has the power to ultimately grant an application and order en banc consideration of a case. What the parties disagree about is whether a panel of the court may make the initial determination regarding

whether a conflict exists. We will therefore consider the following modified question that more accurately reflects the issue at stake: Does App.R. 26(A)(2) allow a panel of district court judges, instead of the en banc court, to review an application for en banc consideration and make the initial mandatory determination of whether an intradistrict conflict exists?

*Analysis*

{¶ 7} An en banc proceeding is one in which all full-time judges of a court who have not recused themselves or otherwise been disqualified participate in the hearing and resolution of a case. App.R. 26(A)(2)(a); *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 10. The purpose of en banc proceedings is to resolve conflicts of law that arise within a district. App.R. 26(A)(2)(a); *McFadden* at ¶ 10, 15-16. These intradistrict conflicts develop when different panels of judges hear the same issue, but reach different results. *McFadden* at ¶ 15. This "create[s] confusion for lawyers and litigants and do[es] not promote public confidence in the judiciary." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 18. Resolution of intradistrict conflicts promotes uniformity and predictability in the law, and a larger appellate panel provides the best possible means of resolution. *McFadden* at ¶ 15-16.

{¶ 8} App.R. 26(A)(2) governs en banc procedure in the courts of appeals. The rule provides:

> (2) En banc consideration
> 
> (a) Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc. * * * Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of

decisions within the district on an issue that is dispositive in the case in which the application is filed.

(b) The en banc court may order en banc consideration sua sponte. A party may also make an application for en banc consideration. An application for en banc consideration must explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary to secure and maintain uniformity of the court's decisions.

Under the rule, applications for en banc consideration progress through the following three-step process: (1) a party files the application, (2) a determination is made regarding whether an intradistrict conflict exists, and (3) if a conflict is found, a majority of the full court may order en banc consideration of the case. App.R. 26(A)(2)(a) and (b).

{¶ 9} The parties do not dispute that only the en banc court has the power to grant an application and order en banc consideration of a case. What the parties disagree about is whether the en banc court must also review all applications and make the predicate determination that a conflict exists. Forrest argues that the rule is silent as to who must make the initial conflict determination. Therefore, he concludes, a panel of judges may perform that task. The state, on the other hand, maintains that the en banc court must review all applications and determine, by majority vote, whether a conflict exists. The state argues that the plain language of the rule, as well as the policies behind en banc review, demands this interpretation.

{¶ 10} Based on our reading of the rule, we agree with Forrest's interpretation. The rule does not explicitly state who must review an application for en banc consideration or determine whether an intradistrict conflict exists.

Section (A)(2)(b) of the rule, which summarily explains the application process, states only that a party may file an application and that the application must include certain information. App.R. 26(A)(2)(b). It does not say that the en banc court must be the body to review the application.

{¶ 11} Section (A)(2)(a) of the rule also provides no guidance as to who must determine whether the decision in a case conflicts with another decision from the same district. The pertinent language simply provides, "Upon *a determination* that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc." (Emphasis added.) App.R. 26(A)(2)(a). Here, the rule states only that "a determination" must be made; it does not state who must make the determination. In fact, the rule never uses the verb "determine," only the noun "determination." Because the rule does not assign a subject to make the "determination," we cannot agree with the state that the en banc court must handle the initial conflict determination. The rule expressly gives just one task to the en banc court, i.e., to "order" the en banc proceeding, and the rule assumes that the conflict "determination" has already taken place at that point. We therefore conclude that App.R. 26(A)(2) is silent as to who must participate in the initial review of an application for en banc consideration and the assessment whether an intradistrict conflict exists. It permits, but does not require, the en banc court to undertake these tasks.

{¶ 12} Given the rule's silence as to who reviews applications and determines potential conflicts, a court should be free to undertake these tasks by reasonable means that are not otherwise contrary to the Rules of Appellate Procedure. This court has recognized that "each Court of Appeals is in a much better position than we are to decide how, in light of its internal organization and docket considerations, it may best proceed to expedite the orderly flow of its business." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 191, 431 N.E.2d

644 (1982). The rule itself suggests as much, as it grants to the courts of appeals discretion over procedures governing "determination of en banc proceedings." App.R. 26(A)(2)(e) ("Other procedures governing the initiation, filing, briefing, rehearing, reconsideration, and determination of en banc proceedings may be prescribed by local rule or as otherwise ordered by the court").

{¶ 13} Here, the panel employed a procedure by which it, as the panel that originally decided the case, reviewed the application to ascertain whether there was arguable merit to the state's contention that the panel's decision resulted in an intradistrict conflict. *State v. Forrest*, 10th Dist. No. 11AP-291, 2012-Ohio-938, at ¶ 2. The panel stated that this procedure "is more efficient" than submitting the application to the full court, "especially in the vast majority of cases where no arguable merit is present," as well as in "cases where one of the parties simply wants to delay." *Id.* at ¶ 4. This procedure is not an unreasonable exercise of the court's discretion under App.R. 26(A)(2).

{¶ 14} We do not share the state's concerns regarding panel review of en banc applications. The state worries that panel review deprives the other district judges of their prerogative to grant or deny en banc consideration, thereby defeating the goal of majority control. Panel consideration does not, however, deprive the en banc court of its ultimate authority to grant en banc review. It simply allows the panel to perform the preliminary layer of review.

{¶ 15} It is true that when the panel finds that there is no merit to a party's application, the panel may deny the application without submitting it to the full court. But even this act does not deprive the en banc court of any authority. The ability of a court to order en banc consideration arises only if and when there is an intradistrict conflict. App.R. 26(A)(2)(a). If there is no conflict, then the en banc court has no need to consider the application. Moreover, a majority of the en banc court is always free to order en banc consideration sua sponte, regardless of

the panel's assessment. App.R. 26(A)(2)(b). In the end, a panel can never take away the en banc court's ability to order an en banc proceeding.

{¶ 16} The state also argues that panels cannot be trusted to fairly review applications for en banc consideration. The state claims that panels have an interest in denying applications because a panel will not want to admit when its decision conflicts with other decisions within the district. We easily dispense with this concern. We presume that a judge is "fair and impartial and able to decide cases pending before him or her in accordance with the law and without regard to personal considerations." *In re Disqualification of Sadler,* 100 Ohio St.3d 1220, 2002-Ohio-7472, 798 N.E.2d 7, ¶ 2.

{¶ 17} Finally, although App.R. 26(A)(2) permits panel review of applications for en banc consideration, it does not demand that approach. Under the rule, courts may still choose to send applications directly to the full court for review and assessment of whether an intradistrict conflict exists, bypassing the panel altogether. The Eighth and Ninth District Courts of Appeals chose such an approach in *Kelley v. Ferraro*, 8th Dist. No. 92446, 2010-Ohio-4179, and *State v. Morris*, 9th Dist. No. 09CA0022-M, 2010-Ohio-5973, the cases that formed the basis for the certified conflict here. In both *Kelley* and *Morris*, the court of appeals convened en banc to review a party's application for en banc consideration. In each case, the full court assessed the merits of the applicant's conflict claim, and a majority of the en banc court voted to deny the application based on the absence of an intradistrict conflict. *Kelley* at ¶ 19; *Morris* at ¶ 14. This practice of immediate full-court participation is permissible under the rule and under our holding today. It is simply not required.

*Conclusion*

{¶ 18} App.R. 26(A)(2) requires an intradistrict conflict before a court may grant an application for en banc consideration. The rule does not, however, state who must determine whether a conflict actually exists. Because the rule is

7

silent on the issue, either the en banc court or a panel of the court may perform this task. If a panel performs this task, the panel may find that no intradistrict conflict exists and deny the application without submitting it to the full court. If, however, the panel determines that a conflict does exist, the matter must then be submitted to the en banc court for a final determination of whether to order en banc consideration.

**{¶ 19}** For these reasons, we conclude that the Tenth District's handling of the state's application for en banc consideration was permissible under App.R. 26(A)(2). Accordingly, we affirm the Tenth District's judgment denying the state's motion to have the en banc court rule on the state's application for en banc consideration, and we answer the certified conflict question, as we have modified it, in the affirmative.

Judgment affirmed.

PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and KENNEDY, J., concur in part and dissent in part.

O'DONNELL, J., dissents.

––––––––––––––––––––

**KENNEDY, J., concurring in part and dissenting in part.**

**{¶ 20}** I agree that App.R. 26(A)(2)(a) requires an initial determination as to whether an intradistrict conflict exist. However, I believe that the rule requires that the en banc court, not just a panel of judges, make that initial determination. Therefore, I respectfully concur in part and dissent in part.

**{¶ 21}** App.R. 26(A)(2)(a) provides:

> Upon a *determination* that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc. The en banc court shall consist of all full-time judges of

the appellate district who have not recused themselves or otherwise
been disqualified from the case.

(Emphasis added.)

**{¶ 22}** App.R. 26(A)(2)(a) is not a model of clarity with regard to who makes the determination whether an intradistrict conflict exists. However, when App.R. 26 is construed as a whole, it is more reasonable to interpret App.R. 26(A)(2)(a) as indicating that the en banc court makes the determination whether an intradistrict conflict exists. *See generally State v. Everette,* 129 Ohio St.3d 317, 2011-Ohio-2856, 951 N.E.2d 1018, ¶ 26 (court construed App.R. 9(A) by examining it "as a whole").

**{¶ 23}** App.R. 26(A)(1) addresses applications for reconsideration of "any cause or motion submitted on appeal." An application for reconsideration is considered "by the *panel* that issued the original decision." (Emphasis added.) App.R. 26(A)(1)(c).

**{¶ 24}** In contrast, App.R. 26(A)(2) addresses "en banc consideration." "The en banc court shall consist of all full-time judges of the appellate district who have not recused themselves or otherwise been disqualified from the case." App.R. 26(A)(2)(a). The word "panel" never appears in App.R. 26(A)(2)(a). The only subject in the first sentence of App.R. 26(A)(2)(a) is "majority of the en banc court." Therefore, I believe that the more logical and reasonable interpretation of App.R. 26(A)(2)(a) is that the en banc court makes the initial determination whether an intradistrict conflict exists.

**{¶ 25}** This interpretation is consistent with the purpose of the en banc consideration. This court has recognized that the primary purpose of en banc review is to allow a court of appeals to use a " ' "majority of its judges * * * to control and thereby * * * secure uniformity and continuity in its decisions [and to use] * * * panels of three judges [to] hear and decide the vast majority of cases as

to which no division exists within the court." ' " *McFadden v. Cleveland State Univ.,* 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 16, quoting *United States v. American-Foreign Steamship Corp.,* 363 U.S. 685, 689-690, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960), quoting Maris, *Hearing and Rehearing Cases in Banc*, 14 F.R.D. 91, 96 (1954). Panel-only review deprives the en banc court of the opportunity to exercise this institution-wide control.

{¶ 26} The majority states, "Panel consideration does not * * * deprive the en banc court of its ultimate authority to grant en banc review. It simply allows the panel to perform the preliminary layer of review." Majority opinion at ¶ 14.

{¶ 27} Aside from an en banc court's sua sponte ordering consideration of an intradistrict conflict, a party's application for en banc consideration is the only method by which a potential intradistrict conflict may reach a court of appeals. App.R. 26(A)(2)(b). Allowing panel-only review of these applications may permit a legitimate intradistrict conflict to escape consideration. Just as different panels of judges may reach different results in addressing the same issue, thereby creating an intradistrict conflict, it is entirely possible that one panel would identify an intradistrict conflict between two cases, while another panel would not. Sometimes determining whether a conflict exists is a difficult question to answer, and reasonable minds occasionally may differ on the answer. *See, e.g., Blair v. Sugarcreek Twp. Bd. of Trustees,* 129 Ohio St.3d 1447, 2011-Ohio-4217, 951 N.E.2d 1045 (three justices dissented from the court's determination that a conflict between appellate districts existed); *see also State v. Baker,* 126 Ohio St.3d 1215, 2010-Ohio-3235, 931 N.E.2d 122 (three justices dissented from the court's sua sponte dismissal of the cause for "want of conflict"). While these cases may be more the exception than the rule, they nevertheless prove that deciding whether a conflict exists is not necessarily a cut-and-dried determination.

Having the en banc court examine all alleged conflicts would decrease the chance that an intradistrict conflict would escape review.

{¶ 28} Permitting panel-only determinations as to whether intradistrict conflicts exist is not only an unreasonable interpretation of the language in App.R. 26(A)(2)(a), but also undermines the purpose of en banc consideration. Therefore, I would answer the certified question, as modified by the majority opinion, in the negative and hold that App.R. 26(A)(2)(a) requires the en banc court to make the initial determination as to whether an intradistrict conflict exists. Accordingly, I respectfully concur in part and dissent in part.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 29} Respectfully, I dissent.

{¶ 30} I would permit each member of a multijudge appellate court to decide whether an intradistrict conflict exists on a decision reached by an appellate court panel. This view, I believe, is embodied in the language of App.R. 26(A)(2)(a), which reads, "Upon a determination that two or more decisions of the court on which they sit are in conflict, *a majority of the en banc court* may order that an appeal or other proceeding be considered en banc." (Emphasis added.) The view that the hearing panel of the three appellate court judges who heard the case at issue should make the decision regarding an intradistrict conflict contravenes App.R. 26.

{¶ 31} The rule's statement that "other procedures" regarding "en banc proceedings may be prescribed by local rule or ordered by the court," *id.* at (A)(2)(e), does not permit a court to promulgate a local rule that conflicts with App.R. 26, which, after all, has been promulgated to achieve statewide uniformity and clarity and also to prevent idiosyncratic differences from permeating the appellate process.

**{¶ 32}** Accordingly, I dissent.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.

_____