French, J.
{¶ 1} This case presents the question whether a three-judge panel of appellate judges — instead of the full court — may review a party’s application for en banc consideration in order to determine whether an intradistrict conflict exists. We hold that it may.

Facts and Procedural History

{¶ 2} On May 16, 2009, appellee, Al E. Forrest, was sitting in a parked vehicle on Omar Drive in Columbus. A Columbus police officer approached the vehicle, observed Forrest’s behavior, and ordered Forrest to exit the car. Forrest ignored the officer, so the officer opened the door and pulled Forrest out. As he did so, he saw a clear plastic baggie of heroin on the seat next to Forrest. He placed Forrest under arrest, searched the vehicle, and found cocaine.
{¶ 3} Following his indictment on drug-related charges, Forrest filed a motion to suppress the evidence obtained in the search. The trial court granted the motion, finding that the search violated the Fourth Amendment. A three-judge panel of the Tenth District Court of Appeals affirmed the judgment. State v. Forrest, 10th Dist. No. 11AP-291, 2011-Ohio-6234, 2011 WL 6037409, ¶20.
{¶ 4} The state then filed simultaneous applications for reconsideration and en banc consideration. The state also moved to have all eight judges of the Tenth District rule on the state’s application for en banc consideration. The three-judge panel that heard the original appeal denied the motion for participation of all eight judges and reviewed the application for en banc consideration. State v. Forrest, 10th Dist. No. 11AP-291, 2012-Ohio-280, 2012 WL 246471, ¶ 1, 16. The *135 panel found that its initial decision did not conflict with prior Tenth District cases and that en banc consideration was therefore unwarranted under App.R. 26(A)(2). Id. at ¶ 15. The panel also denied the state’s motion for reconsideration. Id. at ¶ 16.
{¶ 5} We accepted the state’s discretionary appeal on its fifth proposition of law, regarding whether it was proper for only the panel — and not the en banc court — to review and deny the application for en banc consideration. State v. Forrest, 131 Ohio St.3d 1553, 2012-Ohio-2263, 967 N.E.2d 764. We also determined that a conflict exists between Forrest and two other cases, Kelley v. Ferraro, 8th Dist. No. 92446, 2010-Ohio-4179, 2010 WL 3467451, and State v. Morris, 9th Dist. No. 09CA0022-M, 2010-Ohio-5973, 2010 WL 4968633. State v. Forrest, 131 Ohio St.3d 1551, 2012-Ohio-2263, 967 N.E.2d 763. The certified-conflict matter and the state’s discretionary appeal were consolidated for review. Id.

Question Presented

{¶ 6} The certified-conflict question states as follows: “Whether the entire en banc court as defined in App.R. 26(A)(2) must participate in the decision whether to grant or deny an application for en banc consideration.” Id. After reviewing the record and the parties’ briefs, we conclude that the parties do not actually dispute that only the en banc court has the power to ultimately grant an application and order en banc consideration of a case. What the parties disagree about is whether a panel of the court may make the initial determination regarding whether a conflict exists. We will therefore consider the following modified question that more accurately reflects the issue at stake: Does App.R. 26(A)(2) allow a panel of district court judges, instead of the en banc court, to review an application for en banc consideration and make the initial mandatory determination of whether an intradistrict conflict exists?

Analysis

{¶ 7} An en banc proceeding is one in which all full-time judges of a court who have not recused themselves or otherwise been disqualified participate in the hearing and resolution of a case. App.R. 26(A)(2)(a); McFadden v. Cleveland State Zinin, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 10. The purpose of en banc proceedings is to resolve conflicts of law that arise within a district. App.R. 26(A)(2)(a); McFadden at ¶ 10, 15-16. These intradistrict conflicts develop when different panels of judges hear the same issue, but reach different results. McFadden at ¶ 15. This “create[s] confusion for lawyers and litigants and do[es] not promote public confidence in the judiciary.” In re J.J., 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 18. Resolution of intradistrict conflicts promotes uniformity and predictability in the law, and a larger *136 appellate panel provides the best possible means of resolution. McFadden at ¶ 15-16.
(¶ 8} App.R. 26(A)(2) governs en banc procedure in the courts of appeals. The rule provides:
(2) En banc consideration
(a) Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc. * * * Consideration en bane is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed.
(b) The en banc court may order en banc consideration sua sponte. A party may also make an application for en banc consideration. An application for en banc consideration must explain how the panel’s decision conflicts with a prior panel’s decision on a dispositive issue and why consideration by the court en banc is necessary to secure and maintain uniformity of the court’s decisions.
Under the rule, applications for en banc consideration progress through the following three-step process: (1) a party files the application, (2) a determination is made regarding whether an intradistrict conflict exists, and (3) if a conflict is found, a majority of the full court may order en banc consideration of the case. App.R. 26(A)(2)(a) and (b).
{¶ 9} The parties do not dispute that only the en banc court has the power to grant an application and order en banc consideration of a case. What the parties disagree about is whether the en banc court must also review all applications and make the predicate determination that a conflict exists. Forrest argues that the rule is silent as to who must make the initial conflict determination. Therefore, he concludes, a panel of judges may perform that task. The state, on the other hand, maintains that the en banc court must review all applications and determine, by majority vote, whether a conflict exists. The state argues that the plain language of the rule, as well as the policies behind en banc review, demands this interpretation.
{¶ 10} Based on our reading of the rule, we agree with Forrest’s interpretation. The rule does not explicitly state who must review an application for en banc consideration or determine whether an intradistrict conflict exists. Section (A)(2)(b) of the rule, which summarily explains the application process, states only that a party may file an application and that the application must include certain *137 information. App.R. 26(A)(2)(b). It does not say that the en banc court must be the body to review the application.
{¶ 11} Section (A)(2)(a) of the rule also provides no guidance as to who must determine whether the decision in a case conflicts with another decision from the same district. The pertinent language simply provides, “Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc.” (Emphasis added.) App.R. 26(A)(2)(a). Here, the rule states only that “a determination” must be made; it does not state who must make the determination. In fact, the rule never uses the verb “determine,” only the noun “determination.” Because the rule does not assign a subject to make the “determination,” we cannot agree with the state that the en banc court must handle the initial conflict determination. The rule expressly gives just one task to the en banc court, i.e., to “order” the en banc proceeding, and the rule assumes that the conflict “determination” has already taken place at that point. We therefore conclude that App.R. 26(A)(2) is silent as to who must participate in the initial review of an application for en banc consideration and the assessment whether an intradistrict conflict exists. It permits, but does not require, the en banc court to undertake these tasks.
{¶ 12} Given the rule’s silence as to who reviews applications and determines potential conflicts, a court should be free to undertake these tasks by reasonable means that are not otherwise contrary to the Rules of Appellate Procedure. This court has recognized that “each Court of Appeals is in a much better position than we are to decide how, in light of its internal organization and docket considerations, it may best proceed to expedite the orderly flow of its business'.” DeHart v. Aetna Life Ins. Co., 69 Ohio St.2d 189, 191, 431 N.E.2d 644 (1982). The rule itself suggests as much, as it grants to the courts of appeals discretion over procedures governing “determination of en banc proceedings.” App.R. 26(A)(2)(e) (“Other procedures governing the initiation, filing, briefing, rehearing, reconsideration, and determination of en banc proceedings may be prescribed by local rule or as otherwise ordered by the court”).
{¶ 13} Here, the panel employed a procedure by which it, as the panel that originally decided the case, reviewed the application to ascertain whether there was arguable merit to the state’s contention that the panel’s decision resulted in an intradistrict conflict. State v. Forrest, 10th Dist. No. 11AP-291, 2012-Ohio-938, 2012 WL 746402, at ¶ 2. The panel stated that this procedure “is more efficient” than submitting the application to the full court, “especially in the vast majority of cases where no arguable merit is present,” as well as in “cases where one of the parties simply wants to delay.” Id. at ¶ 4. This procedure is not an unreasonable exercise of the court’s discretion under App.R. 26(A)(2).
*138 {¶ 14} We do not share the state’s concerns regarding panel review of en banc applications. The state worries that panel review deprives the other district judges of their prerogative to grant or deny en banc consideration, thereby defeating the goal of majority control. Panel consideration does not, however, deprive the en banc court of its ultimate authority to grant en banc review. It simply allows the panel to perform the preliminary layer of review.
{¶ 15} It is true that when the panel finds that there is no merit to a party’s application, the panel may deny the application without submitting it to the full court. But even this act does not deprive the en banc court of any authority. The ability of a court to order en banc consideration arises only if and when there is an intradistrict conflict. App.R. 26(A)(2)(a). If there is no conflict, then the en bane court has no need to consider the application. Moreover, a majority of the en banc court is always free to order en banc consideration sua sponte, regardless of the panel’s assessment. App.R. 26(A)(2)(b). In the end, a panel can never take away the en banc court’s ability to order an en banc proceeding.
{¶ 16} The state also argues that panels cannot be .trusted to fairly review applications for en banc consideration. The state claims that panels have an interest in denying applications because a panel will not want to admit when its decision conflicts with other decisions within the district. We easily dispense with this concern. We presume that a judge is “fair and impartial and able to decide cases pending before him or her in accordance with the law and without regard to personal considerations.” In re Disqualification of Sadler, 100 Ohio St.3d 1220, 2002-Ohio-7472, 798 N.E.2d 7, ¶ 2.
{¶ 17} Finally, although App.R. 26(A)(2) permits panel review of applications for en banc consideration, it does not demand that approach. Under the rule, courts may still choose to send applications directly to the full court for review and assessment of whether an intradistrict conflict exists, bypassing the panel altogether. The Eighth and Ninth District Courts of Appeals chose such an approach in Kelley v. Ferraro, 8th Dist. No. 92446, 2010-Ohio-4179, 2010 WL 3467451, and State v. Morris, 9th Dist. No. 09CA0022-M, 2010-Ohio-5973, 2010 WL 4968633, the cases that formed the basis for the certified conflict here. In both Kelley and Morris, the court of appeals convened en banc to review a party’s application for en banc consideration. In each case, the full court assessed the merits of the applicant’s conflict claim, and a majority of the en banc court voted to deny the application based on the absence of an intradistrict conflict. Kelley at ¶ 19; Morris at ¶ 14. This practice of immediate full-court participation is permissible under the rule and under our holding today. It is simply not required.

Conclusion

{¶ 18} App.R. 26(A)(2) requires an intradistrict conflict before a court may grant an application for en banc consideration. The rule does not, however, state *139 who must determine whether a conflict actually exists. Because the rule is silent on the issue, either the en banc court or a panel of the court may perform this task. If a panel performs this task, the panel may find that no intradistrict conflict exists and deny the application without submitting it to the full court. If, however, the panel determines that a conflict does exist, the matter must then be submitted to the en banc court for a final determination of whether to order en banc consideration.
{¶ 19} For these reasons, we conclude that the Tenth District’s handling of the state’s application for en banc consideration was permissible under App.R. 26(A)(2). Accordingly, we affirm the Tenth District’s judgment denying the state’s motion to have the en banc court rule on the state’s application for en banc consideration, and we answer the certified conflict question, as we have modified it, in the affirmative.
Judgment affirmed.
Pfeifer, Lanzinger, and O’Neill, JJ., concur.
O’Connor, C.J., and Kennedy, J., concur in part and dissent in part.
O’Donnell, J., dissents.