[Cite as *Sutherly v. Theaker*, 2026-Ohio-444.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

LAURA SUTHERLY,

Plaintiff-Appellant,

v.

RICHARD M. THEAKER, II, et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 BE 0003**

---

Application for Reconsideration and En Banc Consideration

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Application for Reconsideration and En Banc Consideration Denied.

---

*Atty. Mac P. Malone, Atty. Thomas L. Feher*, Thompson Hine LLP, for Plaintiff-Appellant and

*Atty. Karen S. Hockstad, Atty. Matthew H. Sommer*, Dinsmore & Shohl LLP, for Defendants-Appellees.

Dated**:** February 11, 2026

**PER CURIAM.**

{¶1} Laura Sutherly seeks reconsideration and en banc consideration of this court's November 7, 2025 opinion in *Sutherly v. Theaker*, 2025-Ohio-5208 (7th Dist.). Richard Theaker, II opposes. Both applications are denied.

Application for Reconsideration

{¶2} App.R. 26(A)(1) permits a party to file an application for reconsideration after an appeal. An application for reconsideration "is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 2006-Ohio-1026, ¶ 2 (10th Dist.), citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). Moreover, an application for reconsideration does not permit the applicant to raise new arguments or issues for review that were not raised on appeal. *State v. Wellington*, 2015-Ohio-2095, ¶ 9 (7th Dist.).

{¶3} The test generally applied to reconsiderations is whether the applicant identifies "an obvious error in [the] decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Electronic Classroom of Tomorrow v. State Bd. of Edn.*, 2019-Ohio-1540, ¶ 3 (10th Dist.), *aff'd sub nom. Electronic Classroom of Tomorrow v. State Bd. of Edn.*, 2021-Ohio-3445; *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.).

{¶4} Sutherly asserts we committed an obvious error by finding res judicata did not bar the trial court's decision, which essentially vacated the probate court's judgment determining that half the gas royalty interest belonged to her. This was a primary issue before this court on appeal.

{¶5} We disagreed with the trial court's res judicata analysis, but nevertheless determined Theaker II lacked the authority in his representative capacity to transfer the royalty interest because the property did not belong to the decedent or his trust. *Sutherly v. Theaker*, at ¶ 70-74. We held that "[b]ecause the royalty rights vested automatically in Theaker II in his personal capacity upon the decedent's death, Theaker II's efforts to convey the same pursuant to the decedent's will and/or trust by Theaker II in his fiduciary capacity were of no legal consequence." *Id.* at ¶ 76.

Case No. 25 BE 0003

{¶6}    Sutherly's reconsideration arguments reiterate her contentions on appeal. Because Sutherly does not identify an obvious error in our decision or raise an issue we either did not consider or that we did not fully consider, her application for reconsideration is denied.

<u>Application for En Banc Consideration</u>

{¶7}    En banc consideration is governed by App.R. 26(A)(2), which states:

(2) En banc consideration

(a) Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc. * * * Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed.

(b) The en banc court may order en banc consideration sua sponte. A party may also make an application for en banc consideration. An application for en banc consideration must explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary to secure and maintain uniformity of the court's decisions.

{¶8}    Under this rule, applications for en banc consideration progress through three-steps:  "(1) a party files the application, (2) a determination is made regarding whether an intradistrict conflict exists, and (3) if a conflict is found, a majority of the full court may order en banc consideration of the case.  App.R. 26(A)(2)(a) and (b)." *State v. Forrest*, 2013-Ohio-2409, ¶ 8.

An en banc proceeding is one in which all full-time judges of a court who have not recused themselves or otherwise been disqualified participate in the hearing and resolution of a case. . . . The purpose of en banc proceedings is to resolve conflicts of law that arise within a district. . . . These intradistrict conflicts develop when different panels of judges hear the same issue, but reach different results. . . . This "create[s] confusion for lawyers and litigants and do[es] not promote public confidence in the

<u>Case No. 25 BE 0003</u>

judiciary." *. . .* Resolution of intradistrict conflicts promotes uniformity and predictability in the law, and a larger appellate panel provides the best possible means of resolution.

(Citations omitted.) *State v. Forrest*, 2013-Ohio-2409, ¶ 8.

**{¶9}** First, Sutherly urges us to find our decision conflicts with this court's prior decision in *In re Estate of Montgomery*, 2014-Ohio-1401 (7th Dist.). She contends *Montgomery* held an "order of the probate court in settlement of the account has the effect of a judgment and may only be vacated as provided for in R.C. 2109.35." *Id*. at ¶ 6.

**{¶10}** The appellant in *Montgomery* challenged the disposition and valuation of two vehicles distributed to him during the administration of the estate. We concluded his arguments should have been raised in a direct appeal from the judgment approving the final accounting and that his motion to vacate was an attempted substitute for a direct appeal. *Id*. at ¶ 10-11. Our conclusion on which Sutherly now relies was made in this context.

**{¶11}** Sutherly contends the trial court erred by addressing the merits of this case in the subsequently filed civil action rather than under the statutory provision governing the vacation of a final judgment. She contends the court erred by not following R.C. 2109.35. However, Sutherly did not raise an assignment of error raising this issue or R.C. 2109.35, and as such, we did not render a decision on this issue or address the propriety of the underlying procedure.

**{¶12}** Further, Sutherly initiated the declaratory judgment proceedings, which she now contends were improper. *Id*. at ¶ 15-16. As a result of Sutherly's complaint, the probate court stayed the estate proceedings and its decision on whether to reopen the estate to address these issues. Thereafter, we dismissed Sutherly's appeal from that judgment as lacking a final, appealable order. We stated in that dismissal judgment:

> Approximately four and a half months prior to Theaker filing his Motion to Reopen the estate of their father, Sutherly filed a complaint against Theaker personally and as trustee of their father's trust. Sutherly is seeking half of the mineral rights that were part of the trust. . . . The probate court stayed the estate proceedings in the interest of judicial economy and in the exercise of its inherent power to control its own docket.

Case No. 25 BE 0003

(November 30, 2023 Judgment.)

{¶13} Regardless, no intradistrict conflict exists, and en banc consideration is not necessary to maintain uniformity within the district.

{¶14} Sutherly also contends our decision conflicts with two other Seventh District decisions. Sutherly contends issue preclusion prevents parties, or those in privity with a party, from re-litigating facts or issues in a subsequent suit that were fully litigated in a prior case. Sutherly asserts the instant case conflicts in light of our holding that the property did not belong to her, despite the final judgment stating otherwise. She also directs us to another decision for the proposition that an administrator of an estate is in privity with herself for res judicata purposes, and thus res judicata bars subsequent ownership disputes.

{¶15} Theaker counters that neither case demonstrates a conflict since neither conflicts on a dispositive issue. We agree. None of the cases Sutherly advances involves conveyances of property via transfer on death (TOD) designations or the application or interpretation of Ohio's TOD provisions. Consequently, Sutherly has not identified a conflict of law within this district, and her application for en banc consideration is denied.


**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**